308 NEW-YORK PRACTICE REPORTS.

Flynn agt. The Hudson River Rail Road Company.

---

## SUPREME COURT.

FLYNN agt. THE HUDSON RIVER RAIL ROAD COMPANY.

A suit can not be legally commenced against a Rail Road Corporation (for loss of baggage or any thing else) by the service of a summons upon a "*baggage master*" in their employ. He is not such a "managing agent" as the statute contemplates. But a *general appearance*, waives the irregularity of such a service.

An action against a common carrier, under the Code, sounds in tort; and an application to the court for judgment under the second subdivision of § 246 must be made, where judgment is taken for want of an answer.

*Albany Special Term, December* 1851. *Motion to set aside judgment, &c., for irregularity.* The action was brought to recover the value of a carpet bag and its contents, alleged to have been lost by one Sullivan, a passenger on the defendants' road. The summons is in the usual form with a notice that upon

Flynn agt. The Hudson River Rail Road Company.

the defendants' failure to answer, the plaintiff will take judgment for $150 and interest. The summons was served upon one Hotchkiss, a "managing agent" of the defendants, having charge of the baggage department at their depot at East Albany, on the 17th of November 1851. The next day the defendants' attorney served a notice of appearance, but omitted to demand a copy of the complaint, none having been served with the summons. The plaintiff afterwards filed his complaint, in which he alleged that Sullivan, having taken and paid for his passage from East Albany to Schodack, delivered his carpet bag with its contents to the defendants, which they put into their baggage car, and engaged to deliver to Sullivan upon the arrival of the train at Schodack; that they landed him there, but did not deliver his baggage, as they had agreed to do, but on the contrary, had lost it; whereupon they became liable to pay him the value of the carpet bag and its contents. The complaint also alleges the assignment of the claim by Sullivan to the plaintiff. On the 11th of December the plaintiff, for want of an answer, perfected a judgment for $158·99.

E. J. SHERMAN, *for Plaintiff.*

J. H. REYNOLDS, *for Defendants.*

HARRIS, Justice.—It is very clear that the service of the summons upon Hotchkiss was not a sufficient commencement of the suit. He was not such a "managing agent" as the legislature intended, when it authorized the summons to be served on a person holding that relation to the corporation. To authorize such a service, the agent must have the same general supervision and control of the general interests of the corporation that are usually associated with the office of cashier or secretary. It was never intended that a rail road corporation might be sued by serving process upon a *baggage master.* But this irregularity, or want of legal service, has been cured by the general notice of appearance served by the defendants. They thereby admitted themselves to be "*regularly in court*" (Dix agt. Palmer, 5 *How. Pr. R.* 233).

But the defendants insist that the plaintiff could not regularly perfect his judgment without application to the court. I think

Flynn agt. The Hudson River Rail Road Company.

they are right in this position. Under the common law practice the plaintiff might .bring his action against a common carrier, either in assumpsit, or upon the case. In the one case, it was founded upon the promise which the law implies to perform a duty; in the other, upon the injury resulting from a breach of duty. In either case, the real gravamen of the action was the negligence or misfeasance of the carrier in the performance of his duty. I admit that there is some difficulty in defining the exact boundary between " actions on contract for the recovery of money," embraced in the first subdivision of the 246th section of the Code, and the " other actions" to which the second subdivision applies. There are some actions which are, in their *form*, clearly actions on contract, and are brought for the recovery of money, and yet are, in their nature and character, actions sounding in damages. Such is the action for breach of promise of marriage. On a former occasion, I felt constrained to hold that the provisions of the first subdivision above mentioned, were applicable to such an action. I confess I have never felt quite satisfied with that decision (Williams vs. Miller, 4 *Howard*, 94). The same view had previously been taken by the New York Common Pleas in Leopold vs. Poppenheimer (1 *Code Rep.* 39). Although these cases seem too plainly within the language of the first subdivision to allow an escape, yet I should not regret to see them reexamined and disapproved. The rule ought to be, that when the action is brought for the recovery of a *money demand*, or a *sum certain*, judgment may be perfected without application to the court; but in all other cases such application should be required.

In relation to actions against common carriers, I concur in the views expressed by Mr. Justice Johnson, in Clor vs. Mallory (1 *Code R.* 126). Though a contract, express or implied, may be involved in the action, it is really founded upon the negligence or misfeasance of the carrier. It was so regarded under the former practice. When interest might be collected only upon a judgment recovered in an action upon contract, it was not allowable to collect it upon a judgment against a common carrier, even though the declaration had been assumpsit in form. It was so held, upon the ground that whatever the form of the action, it

was, in truth, an action on the case (2 *R. S.* 364, § 9). In Mc-Duffie vs. Beddoe (7 *Hill*, 578), a party, who had purchased a stock of goods at cost prices, had paid for them at the price at which they had been inventoried. Afterwards he filed his bill, alleging that the inventory price exceeded the contract price, and that he had thus been defrauded by the vendor. It was held that this was not an action founded upon contract, although to maintain it, it was necessary to allege and establish an express contract. Fraud was the gravamen of the complaint, and the party against whom judgment was recovered, was held to be liable to imprisonment on that account.

Although an action against a common carrier did, at common law, possess the *amphibious* character to which I have referred, being made either an action *ex contractu,* or *ex delicto,* at the option of the pleader, I am unwilling to admit that it has brought that feature with it into the new system. I think it bears more resemblance to the family of torts than to contracts, and that it ought not to be allowed any of the exclusive privileges that pertain to the latter. I shall hold, therefore, that the plaintiff was irregular in perfecting his judgment, without application to the court. This decision will render it necessary for the plaintiff to amend his summons so as to make it conform to the *second* subdivision of the 129th section, instead of the *first.* This he may be permitted to do, within twenty days; and he must also, within the same time, serve upon the defendants' attorney a copy of his complaint. The defendants are to have the usual time to answer or demur after the service of the complaint. Neither party is to have costs upon this motion.

———⦁⦁⦁———

Note.—*Mitchell agt. Westervelt,* reported *ante page* 265, was affirmed, on appeal at the last January general term at Ballston—Willard, Hand, Cady and Allen, *Justices.*