CLARISSA J. BARRETT, RESPONDENT, v. AMERICAN TELE-PHONE AND TELEGRAPH COMPANY, APPELLANT.

*Service of a summons upon a general superintendent of a corporation — good.*

Personal service of a summons in an action against a corporation upon the general superintendent of the company, who has charge of one of the departments of the corporation, is sufficient.

It is not essential that the person served should have the entire charge or control of the corporation or of its business.

APPEAL by the defendant from an order, entered in the office of the clerk of the county of Putnam in February, 1889, which order was made at a Special Term held in Kings county on the 19th day of February, 1889, denying a motion made by the defendant for an order dismissing the action, and vacating and setting aside the service of the summons therein, upon the ground that the said summons was not served upon the defendant company in accordance with the provisions of section 431 of the Code of Civil Procedure.

*Melville Egleston*, for the appellant.

*W. B. Yeomans*, for the respondent.

DYKMAN, J.:

The defendant in this action is a domestic corporation, and the action was commenced by the personal service of the summons on the general superintendent of the company. Thereupon a motion was made to set aside the same because it was not in accordance with the provisions of the Code of Civil Procedure, prescribing the manner of service upon a domestic corporation. That motion was denied and the defendant has appealed from the order of denial.

The provision of the Code respecting the service of process, to which the defendant appeals, is this : " Personal service of the summons upon a defendant, being a domestic corporation, must be .made by delivering a copy thereof within the State  *  *  *  to the president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer or a director or managing agent." (Code of Civil Procedure, § 431.) While this .section should be reasonably construed like all other laws, yet it should not receive a construction which would place unnecessary obstructions in the way of commencing actions against corporations. Those intangible bodies must always act through servants, and they must also necessarily be reached through officers or agents. Service of process must be made upon some person, and the object of the legislature was to provide for such service upon an officer or agent of the company who should be charged with some general duty, and have some general control of the affairs of the corporation, one who should occupy a position of responsibility and have an interest in the general management and prosperity of the company. The whole end and aim being to have the process placed in the hands of a responsible person who would yield attention to the same so that the company might suffer no default, and sustain no injury.

It is not essential, to the satisfaction of the statute, that the person served should have the entire charge or control of the corporation or of its business. If he sustains sufficient character and rank to render it reasonably certain that the corporation will be apprised of the service, the requirement of the statute is answered. In this case the service was made personally upon the general superintendent of the company, an officer having the general charge of one of the departments of the corporation, the same as the treasurer has the general charge of his department and the secretary has the general charge of another. The service so made was as certain to come to the knowledge of the corporation as if made upon the secretary or treasurer, and service on either of those officers would have been valid beyond doubt. The powers of the person served in this case were broader and more general than those of the person served in the case of *Palmer* v. *Pennsylvania Company* (35 Hun, 370), and we held the service sufficient in that case, and our decision was sustained by the Court of Appeals. (99 N. Y., 679.) In the case of

*Rochester, etc., Railroad Company* v. *New York, Lake Erie and Western Railroad Company* (48 Hun, 190), service of process upon a division superintendent was held sufficient.

We deem the service in this case sufficient, upon principle and authority, and the order should be affirmed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order affirmed, with costs and disbursements.