### TAYLOR *v.* GRANITE STATE PROVIDENT ASSOCIATION *et al.*

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

FOREIGN CORPORATION—SERVICE OF PROCESS—MANAGING AGENTS.

Process against a foreign corporation was served on its managing agent and cashier under Code Civil Proc. § 432, which provides that such service may be made within the state upon the president, treasurer, or secretary, and, if none such be found, then upon the officer performing corresponding functions.   *Held* unnecessary that such last-mentioned person should have entire control or charge of defendant's business in order to validate service on him.

Appeal from special term, Dutchess county.

Action by Lillie S. Taylor against the Granite State Provident Association, a foreign corporation, and others.   Service of process was made on John M. Townsend, as managing agent or cashier of defendant corporation, in pur-

[1] 2 Rev. St. (8th Ed.) p. 1083, § 4, subd. 4, provides as follows: "Sec. 4. The following property shall be exempt from taxation: * * * (4) Every poorhouse, almshouse, house of industry, * * * and personal property used for such purposes, belonging to or connected with the same."

suance of Code Civil Proc. § 432, which provides that personal service of process against a foreign corporation must be made by delivering a copy thereof within the state "to the president, treasurer, or secretary, or, if the corporation lacks either of those officers, to the officer performing corresponding functions under another name." From an order denying its motion to vacate a judgment based on such service of process, defendant association appeals. Affirmed.

The answering affidavits are as follows:

"Lillie S. Taylor, being duly sworn, says: I am the plaintiff in the above-entitled action. The purpose of the action is to set aside a mortgage executed by this plaintiff and her husband to the defendant the Granite State Provident Association. Deponent says that she knows John M. Townsend. That on or about the second day of December, 1889, he called at her house, in the city of Poughkeepsie, and informed her that he was the representative and acting for the Granite State Provident Association, and that such association would loan to her and her husband the sum of $1,200, the same to be paid by installments of $16 a month, until the whole amount thereof, principal and interest, was paid and satisfied; and that the company would take a mortgage upon the lot of land named in the complaint in this action as security for such loan. That such money was to be used for the purpose of erecting a house on said lot of land. That she then and there agreed to the same, when the said Townsend produced a paper writing that he declared to be a mortgage for $1,200, to secure the loan by said Granite State Provident Association, upon the terms and conditions above stated. That relying upon the statements of said Townsend, and without reading or knowing the contents of said paper, except by such statements, she then and there signed said paper, and acknowledged the same before said Townsend. That thereupon said Townsend took and carried the said paper away. That said paper bears date December 2, 1889. Deponent further says that afterwards, and on or about December 6, 1889, the said John M. Townsend again called upon her at her house in the city of Poughkeepsie, and had there with him another paper which he desired her to sign and acknowledge before him; he at the same time stating to deponent that the second paper was only to carry out the first and to secure the Granite State Provident Association for the loan of the said $1,200. That relying upon such statement, and without reading or knowing the contents of said second paper, she did then and there sign the same, and acknowledged it before said Townsend, fully believing that he was acting honestly for and in behalf of said association, and not otherwise. That thereupon said Townsend took and carried said second paper away. Deponent further says that at the time of the execution of said papers no money was paid to her or her husband by the said association. That immediately or very soon thereafter she and her husband contracted with various parties to perform labor and furnish material to be bestowed and used in building a house on said lot named in the mortgage given to Townsend as aforesaid. That such parties did perform labor and furnish material with the agreement and understanding that they should be paid therefor out of the $1,200 that the Granite State Provident Association had agreed to loan on the security aforesaid. That thereupon the said John M. Townsend, claiming to be the agent and cashier of said association and acting for it, did pay by checks, which checks were from time to time indorsed by deponent and her husband to various parties, who had performed labor and furnished materials in the building of said house. In this way nearly all of the $1,200 was paid. That such payments continued for a long time after making and signing the papers, and until the completion of the house, the said Townsend at all times claiming to be the representative and acting for the said association. Deponent afterwards, with her husband, paid to the said association, in pursuance with the agreement made with Townsend to

pay $16 a month in the aggregate, the sum of $224.   That the said association, by itself or agents, accepted the payments so made of $16 a month.   Deponent further says that at the end of that time she first learned that, in fact, the Granite State Provident Association had not loaned her or her husband a single dollar.   That the paper she had executed on the 2d day of December, 1889, and which paper she had been told by Townsend was a mortgage to secure the payment of $1,200 to the said association in monthly installments of $16 a month, was in fact a mortgage of $1,200 to William H. Frank and Valentine Frank, Jr., conditional to pay that sum at the end of five years, with 6 per cent., payable semiannually, and that the Franks had, in fact, furnished the entire amount of the loan.   That the second paper, bearing date of the 6th day of December, 1889, and which this action was brought to annul and set aside, was given to the association, and had no reference to the loan of the $1,200; was wholly without consideration; was obtained by false representations and void.   That thereupon she refused to make any further payments to said association, the Franks having a good and valid mortgage for the whole amount of the loan.   Deponent further says that at no time has she had any relation with any person in the transaction of the business other than John M. Townsend.   That he made the contract representing himself as the agent or representative of the company.   That the papers were all executed before him.   That he paid all the money, claiming to act as such representative, and at no time has said association notified her that he was not acting as its lawful agent.   Deponent says that the association did accept the mortgage procured as aforesaid by said Townsend, did take and accept payments of $16 a month by virtue of the same, and did on or about the 19th day of November, 1891, commence an action against this defendant, through John M. Townsend, to foreclose the very mortgage that he had procured, and had acted as the agent in all things relating thereto, of the association, from the beginning.   Deponent further says that she has read the affidavits of John M. Townsend, Edward Hassett, and Joseph C. Moore, used on the motion herein, and that each and all of them are wholly false in the statement that John M. Townsend never acted as the managing agent or cashier of the Granite State Provident Association, except as attorney of record in the action commenced on or about November 19, 1891.   Deponent further says that the affidavit of said John M. Townsend, wherein he says that he never acted in any capacity whatever than as attorney of record in an action now pending in the Dutchess county court for foreclosure of a mortgage given by Andrus L. Taylor and Lillie S. Taylor to said Granite State Provident Association, is and must be knowingly, willfully, and maliciously false.   Deponent further says that John M. Townsend having acted as the cashier, director, or managing agent of the association in the beginning, and the association having adopted his acts and undertaken to avail itself of any benefits thereof, and having continued such recognition by directing him to carry out the purpose in the management of the business undertaken as attorney or otherwise, in view of the purpose and intention of the statute, makes him the managing agent of the association within this state, upon whom a summons may be properly and legally served.   Deponent further says that she has been thus informed and believes the same to be true, and that such construction would promote equity and justice, and tend to prevent a foreign corporation, through rapacious and unscrupulous attorneys, from carrying out to consummation a planned and premeditated fraud."

"Andrus L. Taylor, being duly sworn, says that he is one of the above-named defendants, and the husband of plaintiff herein.   That the only money ever had upon any mortgage named in the pleadings in this action was the sum of $1,200.   That, at the time of obtaining said money, he supposed and was led to believe, by statements made by John Townsend, that said $1,200 was the money of the Granite State Provident Association, and

so believed for a long time thereafter. That said money was obtained for the purpose of building a house on said lot mentioned in this action. That after the making of the mortgages he contracted with parties for erecting a house on said lot. That various persons did labor and furnished material in the erection of said house. That the said John Townsend, representing himself to be and acting as the agent of the Granite State Provident Association, acted as cashier for them in making all the payments to the various persons performing labor or furnishing material in the construction of said house. That after the same was completed, and after the workmen and others had been paid by said Townsend, there remained a small amount of the $1,200 unexpended, which said balance was then paid to deponent by said Townsend. Deponent further says that he has read the affidavit of said Townsend made on this motion, wherein he says that he never had any connection whatever with the Granite State Provident Association, of Manchester, N. H., except as attorney of record in an action now pending in the Dutchess county court for foreclosure of a mortgage given by Andrus L. Taylor and Lillie S. Taylor to said Granite State Provident Association, and the further statement, made by said Townsend, that at the time of the service of the summons upon him in this action, he never was and never acted as an agent, managing agent, or cashier of the Granite State Provident Association,' nor in any capacity than as an attorney of record, as above stated, and that such statements of said John M. Townsend are wholly false. Deponent says that the mortgages were produced by and executed before said Townsend, and the entire business, from the beginning, done and transacted by and through said Townsend. Deponent further says that, in the action mentioned by the said Townsend, in which he appears as the attorney for the Granite State Provident Association,' ation, said Townsend swore to the complaint. That therein he states 'that the grounds of deponent's belief as to all matters not stated upon his knowledge are conversations with and admissions made by the defendant Andrus L. Taylor, in reference to the cause of action set forth in the complaint herein.' Deponent says that he did have, at different times, conversations with the said Townsend, after the making of the mortgages, in respect to the same, and that at each and all of them he represented himself to be the agent or cashier of said association, and was acting as such. That such conversations and acts of Townsend were before he appeared as the attorney of record in the action named in his affidavit. Deponent further says that the statement made in the affidavit of said Townsend, wherein he says, 'I have never had any of the relations to said corporation mentioned in section 432 of the Code of Civil Procedure,' is wholly false. That he did act as the agent of said company, from the beginning, and as cashier thereof, in all dealings with this deponent (and the plaintiff in this action) had with such association, and at no time has said or done anything disclosing that such relations had ceased to exist."

"Edward Wallin, being duly sworn, says that he is about 49 years of age; that he is a mason, and doing business as such, and has done so for about 22 years. I know Andrus L. Taylor and Lillie S. Taylor, his wife. About two years ago they contracted with me to do the mason work on a house about to be constructed by them in the city of Poughkeepsie, on a lot of land in Mansion street. I contracted to do the work for $280. There was a written contract between us. By virtue of it, I was to be paid in three payments, as the work progressed. The contract was executed in the office of John M. Townsend, in the city of Poughkeepsie. The payments were to be made by said John M. Townsend. Townsend informed me that the money was to come from the Granite State Provident Association, and that he was acting for it. He said he wanted all bills in order to satisfy the association that all was right before paying the money. John M. Townsend paid me all the money by check. Lillie S. Taylor and her husband indorsed the checks, and

I did the same. Townsend said the indorsements were for the purpose of showing the association how the money was expended. Townsend said he was acting for the company, and I had dealings with no person representing the company, except Townsend. There was but one house upon which I did work, and it is the same mentioned in these proceedings. At no time did I hear or know that the money being paid by Townsend came from William H. or Valentine Frank, Jr., but, from all that was said and done by Townsend, was led to believe, and did believe, that the money was being advanced by the Granite State Provident Association to Lillie S. Taylor and Andrus L. Taylor, and, from all that I heard and knew at the time, I fully believe that both Lillie S. Taylor and Andrus L. Taylor believed that the money was so advanced by said association."

"Nelson D. Baker, being duly sworn, says that he knows of the Granite State Provident Association, and has had business with the association continually since on or about the 15th day of August, 1889. I know that during much of the time John M. Townsend has been acting as the agent of said company in matters relating to the general business of said company in this county. That the deponent had a small loan from the said company. That in matters growing out of it, relating to the payment of money, he was instructed by the officers of the company to apply to said Townsend for directions and instructions regarding the conduct of the business. After receiving instructions from the company to do so, I did see Townsend, and he did act for and as the agent of said association in matters relating to the loan of money, payments, and its business generally in this county. I know that the business that he did in my case for said company was of the same nature of that of Lillie S. Taylor. There was no suit pending, and the business he was doing for the company was not as attorney in any pending action."

"Seth H. Pierce, being duly sworn, says that he knows John M. Townsend. That his business is the manufacture of sash, blinds, and doors in the city of Poughkeepsie. That some two years ago his firm, Brooks & Pierce, furnished material to Andrus L. Taylor and his wife, this plaintiff, for building a house in the city of Poughkeepsie, in Mansion street, (the same house mentioned in this action,) to the amount of about one hundred and ninety dollars. That they received the pay therefor by checks of John M. Townsend, it being stated and understood that he was acting for the Granite State Provident Association, and that the money paid by him was loaned to this plaintiff and her husband by said association. The last payment was made by John M. Townsend, personally, he bringing the check to our place of business, at number 40 South Water street, Poughkeepsie."

Argued before DYKMAN and CULLEN, JJ.

*Edward Hassett*, for appellant.   *J. V. W. Doty*, for respondent.

CULLEN, J.   It was not necessary that Mr. Townsend, the person on whom service was made, should have had entire control or charge of the defendant's business. "If he sustained sufficient character and rank to render it reasonably certain that the corporation would be apprised of the service, the requirement of the statute is answered." *Barrett* v. *Telephone Co.*, (Sup.) 10 N. Y Supp. 138; *Palmer* v. *Pennsylvania Co.*, 35 Hun, 370. The affidavits on which the motion to set aside the judgment was based, averred that Townsend had no connection with the defendant other than as an attorney prosecuting for it a lawsuit. But the answering affidavits showed beyond question that his agency for the defendant was of a far more extensive character,—a character sufficiently extensive, in our judgment, to uphold the service. The affidavits presented by defendant on the motion to resettle the order denying defendant's application are not properly before us on the appeal from the original order. No leave was asked or obtained to present additional affidavits. The defendant risked the faith of its application on the original papers, and should abide

the result. The order denying defendant's motion to set aside the judgment, and the order denying its application to resettle order, should be affirmed, with $10 costs of each appeal, and disbursements.