JULIA MULLINS, as Administratrix, etc., of CATHARINE FLYNN, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Agent — when a managing agent.*

An agent who has the general supervision of a business is a managing agent, although the district in which his powers are exercised is limited.

APPEAL by the defendant, the Metropolitan Life Insurance Company, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 25th day of November, 1893, upon the decision of the court affirming the judgment of a justice of the peace of the city of Yonkers, Westchester county.

The following was the duty of Skidmore as set forth in the defendant's manual, referred to in the opinion: "Duties. As superintendents you have general supervision over the business of your district. The duties are as defined in your agreements as embodied in this manual, and as contained in instructions from the officers of the company."

*Wm. H. Arnoux* and *John McG. Goodale,* for the appellant.

*William Riley,* for the respondent.

PRATT, J.:

The justice had evidence before him which justified him in finding that Skidmore was a managing agent of defendant, and his decision is binding upon us.

We think that the duties of Skidmore, as set forth in the manual of defendant, quoted in appellant's points, are sufficient to sustain the finding. "As superintendents you have general supervision over the business of your district." An agent who has general supervision of a business is a managing agent. The district in which the powers are exercised may be limited, but the powers are general. *Bain* v. *Globe Ins.* (9 How. Pr. 448); *Palmer* v. *Co.* (35 Hun, 370); *Rochester, H. & L. R. R. Co.* v. *Co.* (48 id. 190); *Barrett*

v. *Am. T. & T. Co.* (10 N. Y. Supp. 138); *Brayton* v. *Co.* (25 id. 264) are in point and sustain this conclusion.

The judgment should be affirmed, with costs.

BROWN, P. J., concurred; DYKMAN, J., dissented.