Skidmore, as set forth in the manual of defendant, quoted in appellant's points, are sufficient to sustain the finding. "As superintendent, you have general supervision of the business of your district." An agent who has general supervision of a business is a managing agent. The district in which the powers are exercised may be limited, but the powers are general. Bain v. Insurance Co., 9 How. Pr. 448; Palmer v. Pennsylvania Co., 35 Hun, 370; Rochester, H. & L. R. Co. v. New York, L. E. & W. R. Co., 48 Hun, 190; Barrett v. Telegraph Co. (Sup.) 10 N. Y. Supp. 138; Brayton v. Railroad Co. (Sup.) 25 N. Y. Supp. 264,—are in point, and sustain this conclusion. Judgment affirmed, with costs.

BROWN, P. J., concurs. DYKMAN, J., dissenting. See opinion in Stubing v. Insurance Co., infra.

---

### STUBING v. METROPOLITAN LIFE INS. CO.

(Supreme Court, General Term, Second Department. May 14, 1894.)

Appeal from Mt. Vernon city court.

Action by Frederick J. Stubing against the Metropolitan Life Insurance Company on a policy of life insurance. Summons was served on one H. Wall, a local superintendent of defendant. From an order denying a motion to set aside the service of summons, defendant appeals. Affirmed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Arnoux, Ritch & Woodford (Wm. H. Arnoux and John McG. Goodale, of counsel), for appellant.

David Swits, for respondent.

PER CURIAM. Order affirmed, with costs, on opinion of PRATT, J., in Mullins v. Insurance Co., 28 N. Y. Supp. 959.

DYKMAN, J. (dissenting). This is an appeal from an order of the city court of the city of Mt. Vernon, in Westchester county, denying a motion to set aside the service of the summons in this action. The defendant is a domestic corporation, with its principal office in the city of New York. This action was commenced in the city court of Mt. Vernon, and the summons was served personally upon Henry Wall, who was a local superintendent of the defendant, in its industrial branch, and was in charge of the Morrisania district. His duty was to oversee the soliciting agents of the defendant in his district, receive from them the money they collected, and forward the same, with the accounts of the agents, to the home office of the defendant. He was clothed with no power to employ or discharge agents, make contracts, or control or direct any portion of the business of the defendant. The question is whether the court obtained jurisdiction of the defendant by the service of the summons personally upon Wall. According to the provisions of section 431 of the Code of Civil Procedure, personal service of the summons

upon the defendant must be made by delivering a copy thereof, within the state, to the president, secretary, or clerk, cashier, treasurer, or director, or managing agent of the corporation.   As Wall was neither of the officers named in the statute, unless he was the managing agent of the company, it is only necessary to determine whether he sustain that character.   The same question has been before presented to us, but, as the facts differ in each case, one decision is seldom an authority for another; and while the statute is plain, and free from ambiguity, its application is not always easy. All persons who are employed by corporations are their agents, in a general sense, because those bodies are intangible, and must act by and through agents and servants; and, as Wall was in the service of the company, he was its agent, for some purposes.   It is not, however, sufficient for us to determine that Wall was an agent of the company.   What is required of us is to determine whether he sustained such a relation to the defendant as to authorize the service of a summons upon him for the commencement of an action against it.   It was the intention of the legislature to require more than simple agency, to clothe an individual with a character that would justify such service upon him, because the statute has the word "managing" prefixed to the word "agent."   Management presupposes guidance, control, direction; and the restriction of the word "agent" by the qualifying word "managing" manifests an intention to employ the phrase "managing agent" to designate a person clothed with general power, as contradistinguished from an ordinary agent, who is not required or authorized to exercise judgment or discretion; to distinguish one acting independently from one subject to control and direction from supreme authority.   The statute was designed to provide a simple and convenient mode of serving a summons upon a corporation, and at the same time to require such service to be made upon a person who would comprehend the importance of the service, and bring it to the attention of the superior officers, to the end that the company would not suffer from inattention to the same.   That end would be attended with much more certainty by requiring the service to be made upon a general agent, instead of an inferior servant.   Such being the requirement of the statute, it is evident that Wall did not meet the demand. His duties were quite restricted in their extent, and the scope of his action was quite limited.   He had no independent authority. He performed his services under the direction of the officers, in pursuance of certain written regulations.   He was an inferior agent, destitute of any power of management or direction.   No act of his was binding upon the defendant.   We find no adjudicated case in which a service has been held valid where the facts are in any way similar to those in this case.   The case of Brewster v. Railroad Co., 5 How. Pr. 185, is an authority in favor of the appellant.   The same may be said of the case of Flynn v. Railroad Co., 6 How. Pr. 308; Emerson v. Railroad Co., 13 Hun, 150.   It is to be observed, however, that the later decisions upon this question do not require as wide range of authority as the earlier cases, to constitute a person

a general agent, within the meaning of the statute. In the case of Brewster v. Railroad Co., for instance, it was held that such an agent must be one who is engaged in the management of the corporation, as distinguished from a particular branch or department thereof. No one person has the charge of the entire business of a corporation, and therefore it seems now to be sufficient to constitute a person a managing agent, within the statute, if he be invested with general power involving the exercise of judgment and discretion. Service has been held valid upon the general superintendent of the work of operating the lines of a telegraph company (Barrett v. Telephone Co., 56 Hun, 430, 10 N. Y. Supp. 138; Id., 138 N. Y. 401, 34 N. E. 289); upon the division superintendent of a railroad company (Rochester, H. & L. R. Co. v. New York, L. E. &. W. R. Co., 48 Hun, 190). The reason for requiring the service of the summons upon a corporate agent of a high grade is the natural inference that such positions will be occupied by persons of experience and discretion, who would be more certain to appreciate the importance of prompt attention to such an important legal process, and bring it immediately to the attention of the company, and so prevent any mistake or default. An agent of the grade of Wall does not answer the requirement of the statute in that respect. The order should therefore be reversed, with $10 costs and disbursements, and the motion to set aside the service of the summons granted, with $10 costs.