seph L. Spofford, Appellant.—Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and with leave to renew upon payment of those costs. No opinion.

Judson A. Wann, as Receiver, Respondent, v. The National Park Bank, Appellant.— Order affirmed, with ten dollars costs and disbursements, and with leave to renew application upon proper papers. No opinion.

## SECOND DEPARTMENT, JUNE TERM, 1894.

Frederick W. Miller, Respondent, v. Cornelius Kiel, Appellant.—Order affirmed, with costs. No opinion. All concur.

James Finlay and Another, Appellants, v. John J. Leary, Respondent.— Order affirmed, with costs. No opinion. Cullen, J., not sitting.

Joseph F. Durfey, Respondent, v. George M. Dieter, Appellant.— Order affirmed, with costs and disbursements. All concur. No opinion.

Albert E. Gunther, Appellant, v. Emma S. Gunther, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. No opinion.

Leonora S. Gray, Respondent, v. William T. Baker and Another, Appellants.—Order affirmed, with ten dollars costs and disburse-

ments. No opinion. Dykman, J., not sitting.

Samuel J. Campbell, Respondent, v. Albert Friedlander and Marcus Marks, Appellants.— Order reversed, with costs.—
Cullen, J.: We think that the demurrer of the defendants presented questions which fairly admited debate, and hence it was not frivolous. The order appealed from should be reversed, with ten dollars costs and disbursements. Brown, P. J., and Dykman, J., concurred.

Frederick J. Stubing v. The Metropolitan Life Insurance Company.—Motion for leave to appeal to the Court of Appeals granted.

Francis Dent v. Stephen V. Ryan.—Motion denied. No opinion. All concur.

## FIRST DEPARTMENT, DECISIONS HANDED DOWN JULY 31, 1894.

In the Matter of the Board of Rapid Transit Commissioners.—Motion granted.
PER CURIAM: We think that an allowance to each commissioner of $1,250, in addition to the sum allowed upon the previous application, would, under the circumstances, be reasonable. This sum is proportionately less than that previously awarded. At that time, however, it was expected that the fees of the commissioners would be paid by purchasers of the franchise. That hope is now dissipated and the expense is to be borne by the city. It is to be borne, too, without corresponding value, for the new commission undoubtedly resulted from the failure of its predecessor to realize the objects for which it was created. As Mr. Spencer resigned in the month of June, 1893, the sum awarded should be apportioned between himself and his successor. We think that a fair apportionment would be an allowance to Mr. Spencer of $820, and to Mr. Porter of $430. An allowance of $1,250, in addition to the previous allowance of $5,000, is accordingly made to each of the following commissioners: Messrs. Steinway, Starin, Inman and Bushe. An allowance of $820, in addition to the previous allowance of $5,000, is made to Mr. Spencer. And an allowance of $480 is made to Commissioner Porter. Present— Van Brunt, P. J., Follett and Barrett, JJ.

In the Matter of the Mayor, etc., of the City of New York. In re Charles Schup.—Order affirmed, with costs. No opinion.

Miles M. O'Brien and Others, Respondents, v. Frederick A. Kursheedt, Appellant, Impleaded, etc.— Judgment affirmed, with leave to defendant to answer upon payment of costs of appeal and in the court below.—
VAN BRUNT, P. J.: This action was brought by the plaintiffs, as receivers of the Madison Square Bank, to recover damages alleged to to have been sustained by said bank through the failure and neglect of the defendants, who were directors of said bank, to perform the duties which devolved upon them by reason of their office. The defendant demurred to

said complaint upon the grounds: First, that causes of action had been improperly united, and secondly, that the complaint did not state facts sufficient to constitute a cause of action. It is urged by the defendant demurring that no cause of action is stated against him in the complaint at all, because no legislative enactment is referred to which makes it the duty of the defendant to do the things which the plaintiff alleged it was his duty to do upon becoming a director of the Madison Square Bank. This ground, however, does not seem to be well taken, because it is a familiar rule of pleading that it is not necessary to plead a domestic general statute, and that an allegation of default upon the part of a defendant in performing a certain duty may be established by showing that the law governing the position which he occupied required this duty, without any reference in the complaint to the specific general statutes relating to the subject. And, furthermore, it may be questionable as to whether the neglects referred to in the complaint require the support of any statutory enactment in order that they may become the basis of a recovery by those who have been injured. Outside of this criticism of the complaint, the defendant demurring admits that a good cause of action is alleged, but claims that it is a cause of action at law and not in equity, and that, therefore, causes of action against his co-directors and himself could not be joined. It is conceded upon all sides that if this action is to be treated as an action at law, then causes of action against these various directors cannot be joined. But it is claimed on the part of the plaintiff that the action is one in equity, and that an action of this nature may be maintained. This principle was held in the case of Brinkerhoff v. Bostwick (88 N. Y. 52), and also in the case of Bauer v. Platt (72 Hun, 327), where the grounds upon which courts of equity take cognizance of actions of this description are distinctly stated. The complaint in this action was framed upon that which was sustained by the Court of Appeals in the case of Brinkerhoff v. Bostwick, above cited, the only