## LUCIO FERREIRA *v.* KAMO; PAAUHAU SUGAR PLANTATION COMPANY, GARNISHEE.

ERROR TO DISTRICT MAGISTRATE OF HAMAKUA, HAWAII.

ARGUED JANUARY 21, 1908.        DECIDED FEBRUARY 6, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

GARNISHMENT—*waiver of defective service.*
   A general appearance by a garnishee is a waiver of any defective service.

OPINION OF THE COURT BY WILDER, J.

This is a writ of error brought by plaintiff to review the decision of the district magistrate of Hamakua, Hawaii, in discharging the garnishee in the case.

On June 4, 1907, plaintiff instituted his action against defendant in the district court of Hamakua, Hawaii, including in his summons a request to leave a copy thereof with the "Paauhau Sugar Plantation Co. through its manager, James Gibb, garnishee, who is the debtor of said defendant or at his usual place of abode and to summon him to appear personally at the time and place named in the summons there and then to disclose on oath whether he have, or at the time said copy was served, had any of the goods or effects of said defendant in his hands and if so the nature and amount and value of the same or whether said garnishee is indebted to said defendant and the nature and amount of said debt." On the next day service was made on the garnishee through its bookkeeper, H. Glass. On June 10, 1907, the return day, one R. H. Makekau, appearing for the defendant, the record not showing whether the garnishee appeared, the case was continued until June 24, and the garnishee was ordered to retain all moneys or goods belonging to defendant until the final order of the court. On

June 24, 1907, when the case came up for trial, plaintiff secured judgment against defendant for $211.14. Mr. Gibb, the manager of the Paauhau Sugar Co., testified that within two years defendant had sold to the plantation cane valued at $863.65 against which defendant was liable for $607.60 for plantation charges and advances and also for some interest, the amount of which was not given, and that the defendant had a balance of $1.25 due him. One Gomes testified that on June 22 at the direction of the manager of the plantation he received the money owing to defendant by the garnishee. The case was then continued until June 27, when, on the showing made, the garnishee was discharged. On this last day the record shows that Makekau appeared for the defendant and the garnishee.

It is contended on behalf of the garnishee that the decision should be affirmed on the ground that the summons is fatally defective in not clearly specifying the garnishee or, if not, that the service made on it was not binding, and that in any event the evidence is too uncertain to show more than $1.25 due defendant.

We think the summons sufficiently designated the Paauhau Sugar Plantation Company as the garnishee in spite of the erroneous use of the personal pronouns "his," "he" and "him." The service made on the plantation through the bookkeeper was undoubtedly defective in the absence of any showing that the bookkeeper had authority to accept service. In actions against railroad companies service in one case on a baggage master and in another on a station agent was held defective in each case, the defect being waived by the general appearance of the railroad company. *Flynn v. Hudson River Railroad Co.*, 6 How. Pr. 308; *Colorado C. R. Company v. Caldwell*, 11 Col. 545, In this case there was a general appearance by the garnishee through the attorney Makekau. This was a waiver of the defective service. See *Young Hin v. Hackfeld*, 16 Haw. 427, 431; *Mercer v. Booby*, 6 Fla. 723; *Wickham v. S. S. Lumber Co.*, 89 Wis 23; *Howland v. Jeuel*, 55 Minn. 102.

The claim of the garnishee that it should have been furnished with a certificate as provided by R. L., Secs. 2138 and 2139, is without merit for the reason that those sections refer solely to the garnishment of government beneficiaries.

It is clear that at the time of the hearing the garnishee was indebted to the defendant in the sum of $1.25, and it is practically conceded that plaintiff should have judgment against the garnishee for that amount. The evidence, however, discloses that at the time the summons was served on June 5 there was due from the garnishee to the defendant an amount in addition to $1.25, but it does not clearly appear just how much that amount was. For that purpose, therefore, the matter will have to be remanded to the district magistrate with instructions to give judgment against the garnishee for whatever was due by it to defendant at the time of the service on June 5, not exceeding, of course, the amount of plaintiff's judgment.

The decision of the district magistrate discharging the garnishee is reversed and the case is remanded for further proceedings consistent with this opinion.

*A. G. Correa* for plaintiff.

*H. E. Cooper* for garnishee.