## LUCIO FERREIRA *v.* KAMO; PAAUHAU SUGAR PLANTATION COMPANY, GARNISHEE.

ERROR TO DISTRICT MAGISTRATE OF HAMAKUA, HAWAII.

SUBMITTED SEPTEMBER 14, 1908.          DECIDED SEPTEMBER 21, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

APPEAL AND ERROR—*amending record from district court.*

An appellate court has no power to amend the record of a

trial court by original action.  A party impugning the verity of a record should make application to the court in which the error is alleged to have occurred.

### OPINION OF THE COURT BY BALLOU. J.

Upon the first trial of this case before the district magistrate of Hamakua, Hawaii, the magistrate discharged the garnishee. Plaintiff brought a writ of error and this court reversed the decision holding that while service on the garnishee was defective the defect was waived by a general appearance by the garnishee through R. H. Makekau, an attorney. *Ferreira v. Kamo,* 18 Haw. 593.  Upon the case being remanded the district magistrate gave judgment against the garnishee for the full amount of the plaintiff's claim and the garnishee in turn sued out a writ of error.  In response to this writ the district magistrate made a return to the effect that the records and all exhibits in the case had already been sent to the supreme court in obedience to the first writ of error.  The garnishee then filed the present suggestion and motion to amend the record, alleging that the record is incomplete and does not contain all the records and exhibits and also that an error has been made by the district magistrate in the statement that the garnishee appeared by the attorney Makekau.  The motion was supported by affidavits.

Upon hearing the motion, this court without passing upon its merits ordered that the record be returned to the district magistrate in order that it might be amended if necessary to make it conform to the true state of facts.  *Ferreira v. Kamo,* 19 Haw. 162.  In response to this suggestion the district magistrate returned the record with the following return:

"That the record in the above entitled cause as sent up by him to the Hon. Supreme Court of the Territory of Hawaii, in obedience to Two Writs of Error issued by and under the seal of the Hon. Supreme Court aforesaid, in the above cause, is complete and that the same is true and correct.

Ferreira v. Kamo, 19 Haw. 187.

"That all of the proceedings had in said cause are truthfully recorded in said record. That no Lease nor any deed, nor any portions thereof were ever offered in evidence during the trial and hearing of said cause.

"That all exhibits and papers that were filed in said cause were sent up by him in obedience to the Writs of Error issued as aforesaid.

"That he has not withheld any papers or exhibits pertaining to said cause."

The motion to amend the record is now renewed by the garnishee.

An appellate court has ordinarily no power to amend or alter the record of an inferior court. *Foster v. Woodfin,* 65 N. C. 29. The proper practice is to make application to the court in whose record the error is alleged to have occurred. 2 Enc. Pl. & Pr. 301; 17 Enc. Pl. & Pr. 917. The granting or refusal of the application may be reviewed like any other judicial order. *Pleyte v. Pleyte,* 15 Colo. 44.

District courts in Hawaii are not courts of record and their proceedings are somewhat informal. Nevertheless, when it appears, as it does from the last return of the magistrate, that the proposed amendments are controverted and apparently raise issues of fact, the unsatisfactory nature of a trial upon affidavits of matters occurring in another court renders the general rule applicable. This is well illustrated in the present case. The explicit affidavits that the indenture of lease and deed were offered in evidence are met by the explicit denial by the district magistrate that any lease or deed was ever offered in evidence. Upon the point as to whether Makekau appeared for the garnishee the affidavits that he did not are positive, while the return of the district magistrate merely reiterates that this record is true and correct. Upon neither point is there any detailed evidence from which we might judge how the misunderstanding, if any, arose. The ultimate issue may prove to be one of pure fact, one of the conclusions to be drawn from certain facts, or

Ferreira v. Kamo, 19 Haw. 187.

one of the law applicable to undisputed facts. All this should appear in the course of proceedings had before the district magistrate.

The motion is denied, without prejudice to an application to amend in the district court.

*S. F. Chillingworth* for plaintiff.

No appearance for defendant.

*Henry E. Cooper* for garnishee.