**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000815**
**12-OCT-2022**
**08:03 AM**
**Dkt. 56 SO**

NO. CAAP-17-0000815

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BIG ISLAND FEDERAL CREDIT UNION, Plaintiff-Appellant, v.
WILFRED E. AGUIAR, JR., Defendant-Appellee,
and COLORADO STATE UNIVERSITY, Garnishee-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CIVIL NO. 3RC16-1-0329)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Big Island Federal Credit Union (**Big Island FCU**), appeals from the District Court of the Third Circuit's (1) August 7, 2017 "Order Denying Garnishee Order" (**Order Denying Garnishment**)[1] and (2) October 31, 2017 order denying Big Island FCU's motion for "reconsideration" of the Order Denying Garnishment.[2] On appeal, Big Island FCU raises three points of error.

---

[1] The Honorable Diana L. Van De Car presided.

[2] The Honorable Michael J. Udovic presided.

Upon careful review of the record and the brief submitted[3] and having given due consideration to the issues raised and the arguments advanced, we resolve Big Island FCU's points of error as discussed below.

(1) Big Island FCU's first point of error alleges that the district court reversibly erred in not issuing a garnishee order on Colorado State University, a nonresident garnishee and the employer of Aguiar.

However, this point of error challenges the post-judgment Order Denying Garnishment, and we lack jurisdiction over an appeal from this order because Big Island FCU failed to file a notice of appeal within thirty days of this order. <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 4(a)(1) (providing that "the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order"); <u>Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawaiʻi</u>, 106 Hawaiʻi 416, 428 n.12, 106 P.3d 339, 351 n.12 (2005) (explaining that "[a] postjudgment order is an appealable final order under [Hawaii Revised Statutes] § 641-1(a) (1993) if the order finally determines the postjudgment proceeding").

Because Big Island FCU filed its August 31, 2017 motion for "reconsideration" based on District Court Rules of

---

[3] Defendant-Appellee Wilfred E. Aguiar, Jr. (**Aguiar**) did not file an answering brief. The appellate clerk entered a notice of default of the answering brief on October 26, 2018.

2

Civil Procedure (**DCRCP**) Rule 60 (**Rule 60 Motion**) over three weeks after the Order Denying Garnishment, Big Island FCU's Rule 60 Motion did not toll the thirty-day deadline to appeal. DCRCP Rule 60(b); see Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999) (noting that a Hawai'i Rules of Civil Procedure Rule 60(b) motion can only toll "the period for appealing a judgment or order" if filed within ten days of the judgment). Thus, Big Island FCU's appeal from the post-judgment Order Denying Garnishment was untimely, and this court lacks jurisdiction over an appeal from that order.

(2) In its second point of error, Big Island FCU contends that the district court abused its discretion in denying Big Island FCU's Rule 60 Motion. Big Island FCU argues that the Garnishee Disclosure was filed after the Order Denying Garnishment was issued, and "could not have been presented during the hearing" on August 7, 2017. To that point, Big Island FCU argues that the Garnishee Disclosure was relevant as it constituted a general appearance by Colorado State University in the district court proceedings, citing Ferreira v. Kamo, 18 Haw. 593, 594 (Haw. Terr. 1908).

Ferreira, however, can be distinguished from the instant case because Colorado State University was not represented by counsel at any proceeding. See id., 18 Haw. at 594 (noting garnishee's general appearance through an attorney). Under both Hawai'i and federal case law, corporations,

unincorporated associations, and other entities generally must appear in court through an attorney, except in limited circumstances.  See Alexander & Baldwin, LLC v. Armitage, 151 Hawai'i 37, 48-49, 508 P.3d 832, 843-44 (2022); see also Church of the New Testament v. U.S., 783 F.2d 771, 773-74 (9th Cir. 1986) (stating unincorporated entity must be represented by an attorney) (citation omitted).  Based on the record, the Garnishee Disclosure was signed by a human resources representative at Colorado State University, not an attorney.  Thus, the Garnishee Disclosure was not new evidence showing Colorado State University made an appearance in this case to warrant relief pursuant to DCRCP Rule 60.

(3) In its third point of error, Big Island FCU contends that the district court erred in denying its request at the end of the October 4, 2017 hearing for service on Colorado State University "by and through" Aguiar, its employee.

Big Island FCU, however, fails to demonstrate how its argument that it could serve Colorado State University through Aguiar meets any of the criteria for granting relief pursuant to DCRCP Rule 60.  See DCRCP Rule 60.  Rather, this argument challenges the post-judgment Order Denying Garnishment, and we lack jurisdiction over an appeal from that order as discussed above.

Based on the foregoing, we dismiss Big Island FCU's appeal of the August 7, 2017 "Order Denying Garnishee Order" for

lack of jurisdiction and affirm the October 31, 2017 "Order Denying Plaintiff Big Island Federal Credit Union's Motion for Reconsideration of Order Denying Garnishee Order Filed August 7, 2017."

DATED:  Honolulu, Hawaiʻi, October 12, 2022.

On the brief:                          /s/ Lisa M. Ginoza
                                       Chief Judge
Mason M. Yamaki,
for Plaintiff-Appellant.              /s/ Karen T. Nakasone
                                       Associate Judge

                                       /s/ Sonja M.P. McCullen
                                       Associate Judge