J. F. Daly, J.
The affidavits show that the cor *42 poration was dissolved before this action was commenced ; whether it were dissolved or not I cannot say unless the record is produced. The mere appointment of the receiver would not work a dissolution (Kincaid v. Dwinelle, 59 N. Y. 548). As the plaintiff does not deny the fact of dissolution sworn to by the late president of the corporation, Mr. Colton, I assume the fact- to be that it was dissolved before the summons and complaint herein were served on Mr. Colton. Such service was irregular. A dissolved corporation has no president or other officer on whom a summons can be served to bring the corporation into court for the purpose of enforcing judgment against it.
But this works no hardship to a creditor who wishes to enforce the liability of the stockholders and as a preliminary thereto desires to obtain judgment against the corporation. If it be impossible to perform the condition required by statute and obtain such judgment, he may doubtless maintain his action against the stockholders without it (Kincaid v. Dwinelle, 59 N. Y. 548, 551; Shellington v. Howland, 53 N. Y. 371, and cases cited in the opinion).
The creditor has, besides, the remedy through the receiver, who may maintain the action against the stockholders for the benefit of the creditors and therefore for the benefit of the corporation (Calkins v. Atkinson, 2 Lans. 12).
Motion granted. No costs.