## RULAND v. CANFIELD PUB. Co.

*(City Court of New York, Special Term. July 16, 1889.)*

WRITS—SERVICE OF PROCESS—CORPORATIONS.

Under Code Civil Proc. N. Y. § 431, subd. 3, providing that a summons shall be served on a domestic corporation by delivering a copy thereof to the president or other head of the corporation, the cashier, treasurer, or managing agent, service on an employe of a domestic corporation who attends to the publication of a periodical issued by it, and to its printing, binding, and mailing, under instructions received immediately from the officers of the company, is insufficient.

Action by Manly A. Ruland against the Canfield Publishing Company on a promissory note made by defendant and indorsed by the payee to plaintiff. Defendant is a domestic corporation, and has its office in New York city. Its president and secretary attend at said office for the purpose of transacting the business of the company. The summons in the action was served on one Ernest Young, it being contended that he was the managing agent of defendant. It appeared that said Young was employed by defendant to attend to the publication of a periodical issued by it, its printing, binding, and mailing, which he did under the supervision of the company's officers. A judgment was entered against defendant by default, and thereupon it moved to set aside the same on the ground that it had not been served with process. The matter was then referred to Thomas McAdam, Esq., who filed the following opinion:

"The Code provides that a summons shall be served upon a domestic corporation by delivering a copy thereof to the president or other head of the corporation, the cashier, the treasurer, or managing agent. Code, § 431, subd. 3. The process in this action was served upon Ernest Young, as 'managing agent' of the defendant. This term requires that the person on whom the process is served be more than a mere agent. He must be an agent possessing general powers, and must in a measure have direction and control of the corporate business. To be a managing agent one must be invested with general power as distinguished from special branches. *Brewster* v. *Railroad Co.*, 5 How. Pr. 183. A superintendent of a railroad whose orders govern all the servants and agents of the company within that division is a managing agent of the railroad, within the meaning of section 431 of the Code. This is so, because the company had no other representative at the division in question, and the superintendent was in control there. An agent of an insurance company authorized to effect insurance, receive premiums, and issue policies, is a managing agent. *Bain* v. *Insurance Co.*, 9 How. Pr. 448. This was so decided, because the agent resided at a different place from where the principal office of the company was located. These two decisions do not apply to this case, because the defendant herein is a corporation having its principal office in the city of New York, and the general management of the business devolved upon the officers of the company, and it is not to be inferred that their management and control were devolved upon Mr. Young, their subordinate, an employe of the company. Thus, service cannot be made on a baggage-master, although the action be for loss of baggage, (*Flynn* v. *Railroad Co.*, 6 How. Pr. 308;) nor on a person employed by a street railroad company to superintend the running of cars, whose only authority to make contracts for the company extends to the purchase of feed and harness, (*Emerson* v. *Railroad Co.*, 13 Hun, 150;) nor on an assistant treasurer of a corporation, (*Winslow* v. *Railroad Co.*, 2 N. Y. Supp. 682.) A corporation, being an artificial person, a creature of the law, can only be brought into court in the manner pointed out by statute. Mere knowledge that a service has been attempted and was irregularly made, does not bind the corporation for the purpose. Held, that the irregular service should be set aside on its application. Mr. Young, the person on whom the service was made, was an employe of the defendant at a weekly salary, and

his duties were to get up the weekly publications issued by the defendant, and see to the printing and binding and mailing of the same, and to do such other acts as the officers of the defendant might direct him to do. He had no control outside of his duties, and those were not of that general character as to make his position one of managing agent under the law. In *Donadi* v. *Insurance Co.*, 2 E. D. Smith, 519, there were conflicting affidavits as to the nature and extent of the agency of the person served, and it was held that the *onus* was on the corporation to show the precise relations of the agent towards it. This decision simply determines the question of burden of proof, as a corporation cannot conceal itself. *Hahn* v. *Steam-Ship Co.*, 2 City Ct. R. 25. The decision in *Southwell* v. *Marryatt*, 1 Abb. Pr. 218, as to the effect of avoiding service, need not be considered. The plaintiff relied to a large extent upon *Palmer* v. *Pennsylvania Co.*, 35 Hun, 369, affirmed, 99 N. Y. 679, but in that case it appeared that the defendant was a foreign corporation having offices here which were managed by one Pollock, whose name appeared on the freight-bill as agent, and the court held that as the defendant held Pollock out to the world as its agent, it was plain he had a large authority, and within a wide field his acts were binding on the defendant. The service on Pollock as managing agent was sustained. The case cited does not go to the extent of holding the service made in this case on Mr. Young was binding as a service upon a managing agent. The defendant did not hold Young out as its agent. His name nowhere appeared as such; and the statements made by the defendant as to his limited powers and duties are not inconsistent with its acts. See *Winslow* v. *Transit Co.*, 4 N. Y. Supp. 169. Under all the circumstances, I am of the opinion that the summons was not served in the manner directed by the Code, and that the judgment entered on the service ought to be set aside."

*Samuel Campbell* and *Adolphus D. Pape*, for defendant and motion. *E. H. Kissam*, for plaintiff, opposed.

HOLME, J. I have examined the papers and the testimony taken before the referee in this case with great care, and do not see my way to come to any other conclusion than that the person served was not the "managing agent" of the defendant, within the meaning of the Code. The testimony shows that he was a mere clerk. The officers of the company were present at its place of business when Young was served, and the reasons assigned for not serving one of them seem to be insufficient. The testimony that Young's duties were limited, and that he acted upon instructions received immediately from the company's officers, is uncontradicted. He seems to have had no general control over the affairs of the corporation, and acted only at the company's principal place for transacting business, where the officers of the company had their offices and personally attended to the business of the company. No matter how extensive Young's duties might be, so long as they were performed under the eyes of the officers of the company, and pursuant to their instructions, and at the very place where the officers themselves were attending to the business of the corporation, he cannot be regarded as the "managing agent" of the company. I think the "managing agent" contemplated by the Code is a person having an independent discretionary control in the locality where his duties are performed, as was the case with the agent in *Bain* v. *Insurance Co.*, 9 How. Pr. 448. For aught that appears in this case, Young's duties were confined to routine details, the president and secretary being present to pass upon matters requiring the exercise of judgment and discretion. *Brewster* v. *Railroad Co.*, 5 How. Pr. 183. Defendant did not represent Young to be its managing agent. The testimony shows that the president had the management of its affairs at the place where Young was acting. Motion granted.