ANNA BRAYTON, as Administratrix, etc., of CHARLES BRAYTON, Deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Service of summons upon a domestic corporation — " a managing agent" of a railroad — Code of Civil Procedure, § 431, subd. 3.*

A "division superintendent" of a large and important division of a railroad, remote from the general offices of the company, is "a managing agent" of the corporation, within the meaning of that term as used in subdivision 3 of section 431 of the Code of Civil Procedure, which provides that personal service of a summons upon a domestic corporation may be made by delivering a copy thereof to a managing agent.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of Erie county on the 20th day of May, 1893, denying the defendant's motion to set aside the service of the summons in the above-entitled action.

The defendant is a domestic railroad corporation of the State of New York, having its principal or general office in the city of New York.

*A. D. Scott*, for the appellant.

*Wm. H. Clark*, for the respondent.

DWIGHT, P. J.:

The service of the summons in an action brought in Erie county, for the death of the plaintiff's intestate, was made upon the division superintendent of the defendant at Buffalo, his division having, as termini, the cities of Buffalo, Jamestown and Hornellsville. The objection made to the service is that the person served was not "a managing agent" of the defendant within the meaning of the

statute.  (Code Civ. Proc. § 431, subd. 3.)  We think the objection is not well taken.

It will be observed that the requirement is not that the service shall be made upon *the* managing agent, but only upon *a* managing agent of the defendant.  That the division superintendent of a large and important division of the company's road, remote from the general offices of the company, is such we can have no doubt.

·In the case of *Palmer* v. *Pennsylvania Co.* (35 Hun, 370 ; affd., 99 N. Y. 679), it was held that "the statute is satisfied if he (the person served) be a managing agent to any extent."  In *Ruland* v. *Canfield Pub. Co.* (18 Civ. Proc. Rep. 282), a managing agent was defined to be "a person having independent, discretionary control in the locality where his duties are performed."  In *Barrett* v. *Am. Tel. Company* (31 N. Y. St. Repr. 465), it was held that "if he (the person served) sustains sufficient character and rank to render it reasonably certain that the corporation will be apprised of the service, the requirement of the statute is answered."

Under the application of either of these tests, it is plain, we think, that the statute was satisfied in the service in question ; and in the case of *Roch., H. & L. R. R. Co.* v. *The N. Y., L. E. & W. R. R. Co.* (15 N. Y. St. Repr. 686), we held that a division superintendent was, for the purposes of that action, a managing agent within the meaning of the statute and that service upon him was sufficient.

The motion to set aside the service in this case must be denied and the order appealed from affirmed.

LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.