MARIA IVES, Respondent, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Managing agent of an insurance company — different managing agents in different localities — Code of Civil Proc.* § 431.

Where a person has the control as the agent of a life insurance company, subject to the direction of the home office, of a district comprising the cities of Troy and Lansingburgh and vicinity, with nine assistant superintendents and sixty-two sub-agents subject to his orders, and has in such district the entire superintendence of all the business of such company, he is a managing agent of the company within the meaning of subdivision 3 of section 431 of the Code of Civil Procedure, and the fact that he is controlled in the discharge of his duties by the home office does not render him any the less a managing agent.

A corporation may have different managing agents in different localities.

APPEAL by the defendant, The Metropolitan Life Insurance Company, from a judgment of the County Court of Rensselaer county in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 14th day of February, 1894, upon a decision of the court affirming the judgment of the Justice's Court of the city of Troy.

The service of the summons in the Justice's Court in this case was made by the constable, by delivering the same to Thomas Corcoran, stated in the certificate of proof of service to be the managing agent of the defendant.

*John De Witt Peltz* and *William L. Learned,* for the appellant.

*Frederick A. Chew,* for the respondent.

PER CURIAM:

We think that Corcoran was a managing agent for defendant within the meaning of subdivision 3 of section 431 of the Code of Civil Procedure. He had the control, subject to the direction of the home office, of the district comprising the cities of Troy and Lansingburgh and vicinity, with nine assistant superintendents and sixty-two sub-agents subject to his orders. In that district he had the entire superintendence of all the defendant's business.

It has been well settled that subdivision 3 of section 431 (*supra*) means not *the* but *a* managing agent, and hence a corporation may

have different agents in different localities. (*Brayton* v. *The N. Y., L. E. & W. R. R. Co.*, 72 Hun, 602, 603; *Palmer* v. *The Penn. Co.*, 35 id. 369.)

We think that one having the entire charge of defendant's business and sub-agents over so large a territory as Corcoran did must be deemed a managing agent. That he was controlled in the discharge of his duties by the home office does not render him any less a managing agent. An agent is a person acting in behalf of another. He is supposed to carry out the directions of the principal. All his acts are deemed those of the person he represents. Therefore, Corcoran, although his acts were performed under the direction of defendant's officers at the home office, yet, as he in his district was the sole representative and performed therein all its business, he was a managing agent on whom service of process could be properly made.

We think the remarks of DWIGHT, J., in *The R. H. & L. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.* (48 Hun, 190, 192) are applicable to this case, viz.: "All the servants of the company engaged in the promotion of the work in question were acting under his orders. The work was done under his personal supervision and direction. He was *the* managing agent of the defendant in respect to all matters local to the important division of which he was superintendent. * * * He was the officer who received from the chief authorities * * *. all general orders pertaining to the management and operation of his division, and he must have been the officer chiefly relied upon to transmit to those authorities all information respecting its condition and requirements. He was the officer whose position, rank and duties made it, in. the language of the opinion in *Palmer* v. *The Pennsylvania Company* (35 Hun, 369; 99 N. Y. 679) 'reasonably certain that the defendant will be apprised of the service made.'" (See, also, *Barrett* v. *The American Tel. & Telegraph Co.*, 31 N. Y. St. Repr. 465; 138 N. Y. 491.)

We, therefore, conclude that the judgment of the County Court should be affirmed, with costs.

Present— MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.