WILLIAM N. COLER and Others, Respondents, v. THE PITTSBURGH
BRIDGE COMPANY, Appellant, Impleaded with Others.

Service of process on the managing agent of a corporation — who is a managing
agent.

In determining whether a person is a managing agent of a corporation, within
the meaning of section 432 of the Code of Civil Procedure permitting service
of process upon such agents, each case must depend upon its own facts.

The test is not whether the agent is subject to the control of the directors of the
corporation, nor is it necessary that the person served should be its managing
agent in the State of New York, but the person served should be of sufficient
responsibility to render it probable that the corporation will receive notice of
the service if it be made upon him.

APPEAL by the defendant, The Pittsburgh Bridge Company, from
so much of an order of the Supreme Court, made at the Kings'
County Special Term and entered in the office of the clerk of the
county of Kings on the 21st day of September, 1894, as denies the
defendant, The Pittsburgh Bridge Company's, motion to vacate and
set aside the summons herein and the service thereof.

J. Adriance Bush, for the appellant.

Edward W. Crittenden, for the respondents.

Dykman, J. :

This is an appeal from an order denying a motion made by the defendant to set aside the service of the summons in this action.

The service was made upon Walter W. Curtis, who was the Chicago agent of the defendant, which is a foreign corporation.

No person had been designated by the defendant upon whom process against it could be served, and neither the president, treasurer nor secretary resided in this State.

It is difficult to determine in all cases what agents are managing agents within the meaning of section 432 of the Code of Civil Procedure which permits service of process upon such agents, and each case must necessarily depend upon its own facts.

The test is not, however, whether the agent is subject to the control of the directors of the corporation, because all agents are so.

Neither is it necessary that the person served should be a managing agent in this State. The Code attaches no such condition to the validity of such service.

A reasonable requirement seems to be that the person served should be of sufficient responsibility to render it probable that the company will receive notice of the service.

That end has been attained in this case, and though the extent of the powers of Curtis, as the agent of the defendant, are not very fully stated, we think they were sufficient to constitute him a managing agent within the meaning of the Code.

The order should be affirmed, with ten dollars costs and disbursements.

Brown, P. J., and Pratt, J., concurred.

Order affirmed, with ten dollars costs and disbursements.