TYNDALE PALMER, Respondent, *v.* THE CHICAGO EVENING POST COMPANY, Appellant.

85  403
85  616
85  403
29ap 48

*Managing agent of a foreign corporation — Code of Civil Procedure § 432, subd. 3.*

A foreign newspaper corporation employed an agent who was compensated by commissions, and occupied an office upon which was the sign of the principal; the principal in a letter referred to such agent as its "eastern representative," and the agent advertised in newspapers under the newspaper name of the corporation, signing the advertisement as its "eastern representative." The business of the agent was the soliciting and obtaining of advertisements and the making of contracts therefor upon a prescribed schedule of rates, and when special rates were submitted to the agent for adoption or rejection, outside of the schedule rates by which he was to be guided, it was his duty to submit such propositions to his principal at its general office in Chicago.

All the corporation's business transacted in the State of New York was conducted by such agent, subject to no other direction than such as he received from the general office of the corporation, a considerable part of the business being transacted by him under general directions, the exceptions being special propositions for advertising below the rate which, by his general directions, he was authorized to accept.

*Held,* that the agent was the managing agent of the corporation within the meaning of subdivision 3 of section 432 of the Code of Civil Procedure.

APPEAL by the defendant, The Chicago Evening Post Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1894, denying the defendant's motion to set aside the service of the summons upon it.

*Wager Swayne*, for the appellant.

*James R. Soley*, for the respondent.

PARKER, J.:

The question is whether Thaddeus B. Eiker was managing agent of the defendant within the meaning of subdivision 3 of section 432 of the Code of Civil Procedure, which prescribes how personal service may be made upon a foreign corporation.

It would be comparatively free from difficulty were it not that appellant insists that the Court of Appeals in *Taylor* v. *G. S. P. Assn.* (136 N. Y. 343) stated what constitutes a managing agent, and that an abatement of one jot from the full measure of that rule takes him without the section.

It would be a difficult task to formulate an inflexible rule which should in each and every part present the true division line between managing and other agents, owing to the almost infinite variety of business carried on in this State by foreign corporations varying in character and necessarily requiring officers, agents or employees with varied capacities, powers and duties.

Some foreign corporations practically transact all of their business in this State, their incorporation elsewhere being for the purpose of obtaining a more favorable charter or escaping taxation, while others, like this defendant, do the greater part of their business within the limits of the State creating them, but have branch offices in other jurisdictions where business is solicited, contracted for and paid for.

The fact that no two cases are alike, that each must depend on its own peculiar facts, has led to the adoption of only the most general rules for their disposition. And it seems to us clear that the court did not intend to, and did not in fact, work out any change in the hitherto substantially uniform tendency of the decisions.

What was decided was that the relation of attorney and client does not constitute such an agency. The facts were that the person served, as the managing agent of the defendant, had been employed by it to foreclose, and he had foreclosed a mortgage owned by it, and had never been connected with the defendant in any other way.

The question was not at all on the border line, and the court so treated it, referring only to *Reddington* v. *Mariposa L. & M. Co.* (19 Hun, 405), and *Sterrett* v. *Denver & R. G. R. Co.* (17 id. 316).

We are thus brought to an examination of the decisions which fully justify, as we think, the determination of the Special Term.

*Hiller* v. *Burlington & Mo. R. R. Co.* (70 N. Y. 223) was not a case of service upon a managing agent, but upon one of the directors of a foreign corporation while temporarily in this State in the pursuit of his own business. It is not, therefore, precisely analagous, but the reasoning which led the court to hold the service sufficient is in point and instructive.

In delivering the opinion of the court Judge EARL said : " Corporations are intangible, incorporeal existences, and service of process upon them can only be made by service upon some one of their agents or officers. The Legislature has power to determine how and upon whom service shall be made. It may determine that service shall be upon the board of directors while in session, or upon any of the executive or administrative officers, directors or other agents. The object of all service of process is said to be to give notice to the party on whom service is made that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend."

In *Palmer* v. *The Pennsylvania Company* (35 Hun, 369) a motion to set aside service on grounds similar to those made in the present case was denied. The defendant's affidavits showed that the alleged agent was appointed by another company, subject to discharge by that company, and wholly paid by that company, but that as a matter of convenience in the transaction of certain details in connection with the business of the defendant, such as the transmission of reports, he was authorized to act for the defendant.

The General Term in affirming the order of the Special Term said : " There is no doubt that defendants hold Pollock (the alleged agent) out to the world as their agent in the city of New York. It is plain that he has a large authority and within a wide field his acts are binding on defendant. The Code does not specify the extent of the agency required to bind defendants by service of process, except that the person upon whom the service is made must be managing agent. Were the rule to be established as contended by appellants, that the agent must have charge of the whole business

of the corporation, the statute would be a dead letter, for such an agency seldom, if ever, exists. *Every object of the service is attained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made. The statute is satisfied if he be a managing agent to any extent.*"

The Court of Appeals affirmed the order without opinion. (99 N. Y. 679.)

It was held in *Tuchband* v. *C. & A. R. R. Co.* (115 N. Y. 437) that it is not necessary that the agent should have charge of every department of business of a foreign corporation carried on in this State in order to constitute him a managing agent within the meaning of the section of the Code under consideration.

The court said : " The defendant, like other railroad corporations, necessarily has not only directors, a treasurer and secretary, but other officers and agents. By these persons, or, under their direction, by others, the business of the company is conducted. From the very nature of a body corporate, service of process cannot be personal, and at common law it was made by serving it on a proper officer so that it might come to the knowledge of the company, and then further proceedings by distress. (1 Tidd's Pr. 121.) Under the statute (*supra*) the same object was in view ; and when the corporation has an office in this State where a substantial portion of its business is transacted by a person designated by itself as a general agent, although followed by words indicating some one department, it may safely be assumed that the object of the statute will be accomplished. It, of course, intends a "managing agent" in this State, and where a corporation created by the laws of any other State does business in this State, the person who, as its agent, does that business should be considered its managing agent, and more especially should that be so where the foreign corporation has an office or place of business in this State, and when that office is in charge of that person and he there acts for the corporation. He is there doing business for it, and so manages its business. Such person is, in every sense of the word used in the statute, " a managing agent."

In *Brayton* v. *N. Y., L. E. & W. R. R. Co.* (72 Hun, 602) the court observes that the requirement of the statute is not that the

service shall be made upon *the* managing agent, but only upon *a* managing agent of the defendant, and held that service upon the division superintendent of an important division of the *company's* road constituted a sufficient compliance with the statute.

The point of the decision in three of the cases cited *supra* may be stated as follows : In *Palmer's* case the statute is satisfied if the person served be a managing agent to any extent.

In *Brayton's* case the person served need not be the only managing agent of the defendant. It is sufficient if he be a managing agent of an important part of defendant's road. And in *Tuchband's* case, when a foreign corporation does any business in this State the person who, as its agent, does that business should be considered its managing agent, and more especially should that be so when the foreign corporation has an office or place of business in this State, and when the office is in charge of that person, and he there acts for it.

The facts touching the relations existing between Eiker, the alleged managing agent, and the defendant, the Chicago Evening Post Company, as disclosed by the affidavits, may be briefly stated as follows : Eiker was not employed by the defendant upon a salary, but was compensated by it by way of commissions upon the business done.

He occupied an office in the Tribune Building, upon which is the sign of the defendant, and he advertised in newspapers under the newspaper name of the defendant, the advertisement being signed by him as " its eastern representative."

In November, 1892, plaintiff wrote a letter to the defendant at Chicago, asking for copies of certain numbers of said paper, and in reply received a letter saying that defendant had no copies of the issues described, and concluding, " Mr. T. B. Eiker, 50 Tribune Building, New York, is our eastern representative."

The business of a newspaper agent in the city of New York, such as Eiker, is the soliciting and obtaining of advertisements and making contracts therefor upon a prescribed schedule of rates. If special rates were submitted to Eiker for adoption or rejection outside of the schedule of rates by which he was to be guided, it was his duty to submit such propositions to the defendant at its general office in Chicago. All of defendant's business transacted in this

State was conducted by Eiker, subject to no other direction than such as he received from the central office of the defendant, a considerable part of the business being transacted by him under general directions only, the exceptions being special propositions for advertising below the rates, which by his general directions he was authorized to accept. These facts, we think, constituted him a managing agent within the meaning of the statute as interpreted by the authorities to which we have referred.

The order should be affirmed, with ten dollars costs and printing disbursements.

Van Brunt, P. J., and O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.