(12 Misc. Rep. 478.)

FALTISKA v. NEW YORK, L. E. & W. R. CO.

(Superior Court of Buffalo, General Term. May 15, 1895.)

SERVICE OF SUMMONS—MANAGING AGENT—APPOINTMENT OF RECEIVER.
 The appointment of a receiver of a railroad company does not affect the relation of a division superintendent as "managing agent" of the company, on whom Code Civ. Proc. § 431, provides process against the company may be served, where he was never removed by the company, but retains his position after the appointment of the receiver. Titus, C. J., dissenting.

Appeal from special term.

Action by Peter Faltiska against the New York, Lake Erie & Western Railroad Company.   From an order denying a motion to set aside the service of summons, defendant appeals.   Affirmed by divided court.

Argued before TITUS, C. J., and HATCH, J.

Sprague, Moot, Sprague & Brownell (George F. Brownell, of counsel), for appellant.

John R. Hazel, for respondent.

HATCH, J. The summons was served upon Charles A. Brunn on December 26, 1893, it being claimed that he was a managing agent of the defendant. The affidavits show that said Brunn was, prior to July 25, 1893, in the employ of the defendant as a division superintendent of that portion of its road running between Buffalo and Hornellsville and between Buffalo and Jamestown; that on July 25, 1893, receivers were appointed of all defendant's property, and immediately took possession thereof, and managed and operated the railroad. Brunn was retained in the position he had occupied prior thereto, and has so remained ever since. It does not appear that Brunn was ever discharged from his employment, or removed from his position by the defendant, or that any steps of any character were ever taken to cancel his capacity of representation in any manner. It is claimed that the appointment of the receivers, and their retention of Brunn, operated as a discontinuance of his services and representation of the defendant for any purpose whatever. It appeared by the opposing affidavits that the attorneys who represent the plaintiff had prior to this time, in 1890, commenced an action against defendant by the service of process upon Brunn, and that the attorneys who appeared for defendant upon this motion appeared therein without objection; and it has been judicially declared that said Brunn answered to the description of a managing agent, within the meaning of section 431 of the Code of Civil Procedure. Brayton v. Railway Co., 72 Hun, 602, 25 N. Y. Supp. 264. Did the appointment of the receivers, and their retention of Brunn in his management, cancel all his relation to defendant? The appointment of the receivers did not work a dissolution of the corporation; that would not be accomplished except by judgment of dissolution, or possibly by the transfer of all its corporate rights, franchises, and property. Kincaid v. Dwinelle, 59 N. Y. 548. It was therefore capable of being sued, and was subject to the usual and ordinary procedure to such end, and process could be served upon it in like manner as before the appointment of the receivers, so long as no restraining order intervened. People v. Troy Steel & Iron Co. (Sup.) 31 N. Y. Supp. 337. The retention of Brunn by the receivers was not per se antagonistic to the defendant or its rights. It is undoubtedly true that the servants and agents of the receivers are subject to their control, and that the defendant is not to be made liable for their acts, and has no control over them; and it may be said, in a sense, that a compulsory receivership is antagonistic to the party of whose property he is receiver. But this is only true to the extent that he is made receiver against the will of the party, for the receiver acts, not as the avowed opponent of the party, but as the representative of the court for the benefit of both party and creditor. Nothing appears to show that Brunn could not act for defendant in any matter, where he could or had acted before, that was not of itself incon-

sistent with the duty he owed the receivers. That he had been by defendant invested with discretionary power is established; that among the things which he did was to report the service of process upon him in suits commenced against the defendant; and defendant recognized that he acted in such capacity for it, and might lawfully represent it in such matters, as it acquiesced in such service. I can see nothing inconsistent in his so acting in such and other matters from the fact alone of his retention in the employ of the receivers. The defendant had the power to remove or discontinue his service for it in any capacity, but this it has not done by any act, so far as this record shows, while it does appear that he has been held out to the public as acting in a capacity which authorized service of process upon him, and no affirmative act has been taken by the defendant which, either in terms or by inference, removed him from such situation, or which notified the public, or persons who had acted upon the standing which defendant gave him, that there had been any change. The fundamental purpose of the statute is to bring notice to the defendant of the service of process, and such construction should be given as will not place unnecessary obstructions in the way of commencing actions. Barrett v. Telegraph Co. (Sup.) 10 N. Y. Supp. 138, affirmed on appeal, 138 N. Y. 491, 34 N. E. 289. Responsibility of the agent to the corporation, from which the probability arises that, if he be served, notice will be brought to the company, seems to be the test; and the fact that such service is brought to the notice of the company may be considered. Coler v. Bridge Co., 84 Hun, 285, 32 N. Y. Supp. 439. Brunn answered all of these requirements; the service in this case was brought to the attention of the defendant; all that the statute aimed at has been accomplished; and I am led to the conclusion that there has not been such change in his relations to the defendant, under the circumstances of this case, as would render of no effect the service made, so long as his original appointment stands unrevoked and unacted upon by defendant. The order appealed from should therefore be affirmed, with $10 costs and disbursements. Order appealed from affirmed by a divided court.

TITUS, C. J. (dissenting). The question raised on this appeal relates to the service of a summons on the defendant in an action for damages for injuries sustained by the plaintiff while in the employ of the defendant, in January, 1891. The action was commenced by the service of a summons on Charles A. Brunn, formerly superintendent of the Western division of the defendant's road, extending from Hornellsville and Jamestown to Buffalo. On July 25, 1893, in a suit brought in the United States circuit court for the Southern district of New York for that purpose, against the defendant, John King and John G. McCullough were appointed receivers of the defendant company, and were ordered immediately to take possession of the franchises, rights, and property of the company, to run, manage, and operate its property and railroads wherever situated and found, whether in this state or elsewhere, and to employ and discharge and fix the compensation of all such officers, attorneys, managers,

superintendents, agents, and employés as may be needful to properly operate the road, and to pay all operating expenses; and said officers, agents, and employés were required to turn over to the receivers all the property of the company in their hands, and were enjoined from in any manner interfering with the possession or management of its property. Under this order the receivers took immediate possession of all of the property of the defendant, and commenced the operation of the railroad, and have so continued up to the present time. It appears that the employés of the defendant at the time of the appointment of the receivers were not immediately dismissed, but were, including Division Superintendent Brunn, continued in the employ of the receivers, receiving their orders and pay from them, as they had before that time from the defendant. The defendant, as a corporation, has not since in any way interfered with the management of the business and the operation of the road, or with its property or assets. The summons in this case was served on Charles A. Brunn on the 26th day of December, 1893, after the appointment of the receivers. He was at that time acting as division superintendent under the receivers, who had continued him in their employ. A motion was made to set aside the service of the summons on the ground that Brunn was not the managing agent of the defendant, within the meaning of section 431 of the Code of Civil Procedure. The court at special term denied the motion, and defendant appeals to this court from the order denying the motion.

If the question was whether the service of the summons on Brunn, as superintendent of the Western division, while the defendant still operated the railroad under its charter, was a good service, we should feel bound to follow the case of Brayton v. Railway Co., 72 Hun, 602, 25 N. Y. Supp. 264; and hold that the service on him was proper and sufficient, as that case involved that precise question, and was, we think, on principle and authority, correctly decided. Palmer v. Pennsylvania Co., 35 Hun, 369, affirmed 99 N. Y. 679; Ruland v. Publishing Co. (City Ct. N. Y.) 10 N. Y. Supp. 913; Barrett v. Telegraph Co. (Sup.) Id. 138; Rochester, H. & L. R. Co. v. New York L. E. & W. R. Co., 48 Hun, 190; Ives v. Insurance Co., 78 Hun, 32, 28 N. Y. Supp. 1030; Mullins v. Insurance Co, 78 Hun, 297, 28 N. Y. Supp. 959.

The only question, therefore, which calls for any examination, is whether the service on Brunn, while temporarily in the employ of the receivers, is a good service on the defendant. It is claimed by counsel for the plaintiff that, inasmuch as Brunn was the division superintendent for the defendant prior to the appointment of the receivers, and so continued in that capacity by them, he is still to be regarded as the managing agent of the company for the purpose of making service upon it. A number of cases are cited in the plaintiff's brief upon that proposition, but none of them seem to sustain the position taken, and I have been unable to find any case where the question has been directly passed upon. The only reason urged why the service on Brunn is sufficient is that he was continued by the receivers as division superintendent of the defendant's railroad. While the appointing of a temporary receiver does not operate

to dissolve a corporation (Kincaid v. Dwinelle, 59 N. Y. 548), it suspends for the time being its right to manage the affairs of the company or to interfere with its property, and practically suspends its functions as a corporation.   It may be sued by its creditors, and made liable as though no receiver had been appointed.   Hetzel v. Mining Co., 4 Abb. N. C. 40.   But it ceases to have any control over its property.   Its officers provided for by the statute continue, but, from the necessity of the case, its employés are deprived of any further right to interfere in any manner in the management of its affairs and cease to have employment under it.   If the receivers, instead of continuing Superintendent Brunn in their employ, had engaged another person to act as superintendent, it could not be claimed, we think, that such person was still the managing agent of the defendant, so as to authorize the service of papers upon him as a representative of the corporation.   From the fact that Brunn was at one time such agent of the defendant, it does not follow that he may be served with process after he has ceased to represent the defendant as such agent.   Beardsley v. Johnson, 121 N. Y. 224, 24 N. E. 380.   Nor would it hardly be claimed that if Brunn had been removed, and then reappointed by the receivers, he could properly be served with a summons as managing agent of the corporation, within the meaning of section 431 of the Code.   How can it be said that he is still in the employ of the defendant, or its managing agent, simply because he was continued in the employ of the receivers?   No court has gone to the extent of holding that he is such a person as the Code describes, on which service must be made.   Employés of the receivers are not in any sense in the employ of the defendant.   Murphy v. Holbrook, 20 Ohio St. 137.   The possession of the property is in the receivers, and not in the corporation.   It cannot be held liable for any act of the receivers.   They are officers of the court, with full power, under the order appointing them, to manage the affairs and property of the defendant, and to employ and discharge at pleasure agents and employés necessary to conduct the business of the corporation.   The receivers are only responsible to the court which appointed them.   Railroad Co. v. Fitch, 20 Ind. 498.   A person or corporation in possession of and operating a railroad is liable for the negligence of its employés, and not the corporation owning it.   Weyant v. Railroad Co., 3 Duer, 360; Norton v. Wiswall, 26 Barb. 618.   It seems to me, from an examination of the authorities, that Superintendent Brunn is in no sense in the employ of the defendant as its superintendent or otherwise, and that the service of the summons on him was not a service on the defendant; that since the appointment of the receivers only such persons as compose the corporation, such as officers and directors, are within the meaning of the section of the Code providing for the service upon corporations.   The order of the special term should be reversed, with $10 costs and disbursements.