Hatch, J.
The summons was served upon Charles A. Brunn on December 26, 1893, it being claimed that he was a managing agent of the defendant. The affidavits show that said Brunn was, prior to July 25, 1893, in the employ of the defendant as a division superintendent of that portion of its road running between Buffalo and Hqrnellsville and between Buffalo and Jamestown; that on July 25, 1893, receivers were appointed of all defendant’s property, and immediately took possession thereof, and managed and operated the railroad. Brunn was retained in the position he had occupied prior thereto, and has so remained ever since. It does not appear that Brunn was ever discharged from his employment, or removed from his position by the defendant, or that any steps of any character were ever taken to cancel his capacity of representation in any manner. It is claimed that the appointment of- the receivers, and their retention of Brunn, operated as a discontinuance of his services and representation of the defendant for any purpose whatever. It appeared by the opposing affidavits that the attorneys who represent the plaintiff had prior to this time, in 1890, commenced an action against defendant by the service of process upon Brunn, and that the attorneys' who appeared for defendant upon this motion appeared therein without objection; and it has been judicially declared that said Brunn answered to the description of a managing agent, within the meaning of section 431 of the Code of Civil Procedure. Brayton v. Railway Co., 72 Hun, *382 602 ; 54 St. Rep. 763. Did the appointment of the receivers, and their retention of Brunn in his management, cancel all his relation, to defendant ? The appointment of the receivers did not work a dissolution of the corporation; that would not be accomplished except by judgment of dissolution, or possibly by the transfer of all its corporate rights, franchises, and property. Kincaid v. Dwinelle, 59 N. Y. 548. It was therefore capable of being sued; and was subject to the usual and ordinary procedure to such end, and process could be served upon it in like manner as before the appointment of the receivers, so long as no restraining order intervened. People v. Troy Steel & Iron Co., 63 St. Rep. 787. The retention of Brunn by the receivers was not per se antagonistic to the defendant or its rights. It is undoubtedly true that the servants and agents of the receivers are subject to their control, and that the defendant is not to be made liable for their acts, and has no-control over them; and it may be said, in a sense, that a compulsory receivership is antagonistic to the party of whose property he is receiver. But this is only true to the extent that he is made receiver against the will of the party, for the receiver acts, not as-the avowed opponent of the party, but as the representati ve of the court for the benefit of both party and creditor. Nothing appears to show that Brunn could not act for defendant in any matter, where he could or had acted before, that was not of itself inconsistent with the duty he owed the. receivers. That he had been by defendant invested with discretionary power is established; that among the things which he did was to report the service of process upon him in suits commenced against the defendant; and defendant reorganized that he acted in such capacity for it, and might lawfully represent it in such matters, as it acquiesced in such service. I can see nothing inconsistent in his so acting in such and other matters from the fact alone'of his retention in the employ of the receivers. The defendant had the power to remove or discontinue his service for it in any capacity, but this it has not done by any act, so far as this record shows, while it does appear that he has been held out to the public as acting in a capacity which authorized service of process upon him, and no affirmative act has been taken by the defendant which, either in terms or by inference, removed him from such situation, or which notified the public, or persons who had acted upon the standing which defendant gave him, that there had been any change. The fundamental-purpose of the statute is to bring notice to the defendant of the service of process, and such construction should be given as will not place unnecessary obstructions in the way of commencing actions. Barrett v. Telegraph Co., 31 St Rep. 465 ; affirmed on appeal, 138 N. Y. 491; 53 St. Rep. 86. Responsibility of the agent, to the corporation, from which the probability arises that, if he be' served, notice will be brought to the company, seems to be the test; and the fact that such service is brought to the notice of the company may be considered. Coler v. Bridge Co., 84 Hun, 285; 65 St Rep. 714. Brunn answered all of these requirements; the service in this case was brought to the attention of the defendant; all that the statute aimed as has been accomplished ; and I am led *383 to the conclusion that there has not been such change in his relations to the defendant, under the circumstances of this case, as would render of no effect the service made, so long as his original appointment stands unrevoked and unacted upon by defendant. The order appealed from should therefore be affirmed, with $10’ costs and disbursements. Order appealed from affirmed by a divided court.