BREWER v. GEORGE KNAPP & CO.

UNION ASSOCIATED PRESS v. SAME.

(Circuit Court, E. D. New York. October 12, 1897.)

SERVICE OF PROCESS—FOREIGN CORPORATIONS—RESIDENT AGENTS.

    An agent of a nonresident newspaper corporation, who is empowered to solicit advertisements, make contracts therefor, and receive payment, and who carries on the business at an office having the name of the newspaper on its windows, is "a managing agent," through whom the corporation may be served, under Code Civ. Proc. N. Y. § 432.

Motions to Set Aside Service of Summons.

These are two actions for libel brought by William S. Brewer and the Union Associated Press against George Knapp & Co., a corporation organized under the laws of the state of Missouri. The actions were commenced in the supreme court of New York, by the service of a summons in each case upon one Wallace G. Brooke, as managing agent of the defendant in the city of New York. The defendant has specially appeared in each case, and removed both actions from the state court into the United States circuit court for this district. Motion is now made by the defendant, upon affidavits, to set aside the service of the summons in both actions, on the ground that the said Brooke was not the managing agent of the defendant, within the meaning of section 432 of the New York Code of Civil Procedure. The defendant is a foreign

corporation, and it is claimed that the person served is its managing agent in this state. It appears from the motion papers that Brooke, upon whom service was made, was in the employ of the defendant, at a stated salary, to solicit advertisements in New York for the defendant's newspaper, the St. Louis Republic, to make contracts therefor at schedule rates, to receive payment for such advertisements, and to transmit the same for publication in said newspaper; that he had an office at 146 Times Building, New York City, with the name of the paper painted on the door and window in large, golden letters; that there was a leased telegraphic wire running from his office directly to the office of such newspaper in St. Louis, Mo., over which he transmitted many of his advertisements; and that a file of the St. Louis Republic was kept continually in his office. It further appears that Brooke held himself out, in giving receipts for payments of advertisements, as manager of the advertising department of such newspaper at its Eastern office, 146 Times Building, New York; and that on July 20, 1897, one Hugh Coyle wrote the defendant, asking who its agent was in New York City, and the location of his office, and on the 22d of the same month he received a letter from the St. Louis Republic containing the following statement: "The Republic has a regular, salaried representative in New York City, in the person of Wallace G. Brooke, Room 146, Times Building. We have written Mr. Brooke, under even date, requesting that he call upon you and discuss the matter of advertising, as a personal interview will better fix details than correspondence at long range. Mr. Brooke has complete authority to make and sign conclusive contracts on the same basis and conditions as the home office."

Shaw, Baldwin & Stotesbury, for the motion
Campbell & Hance, opposed.

TENNEY, District Judge. It seems hardly necessary that a formal opinion should be given upon the facts presented in these two cases, especially after the lucid opinions that have already been published in several reported cases in both the federal and state courts bearing upon this same subject. But it is contended by counsel for the defendant that the facts presented in the cases at bar are different, and should be distinguished, from the facts presented in the reported cases, and especially in the cases of Brewer and the Union Associated Press against the Ohio State Journal Company, recently decided, without opinion, by this court. After a careful review of the facts in all these cases, I am unable to see any substantial difference in the controlling facts. The leading facts are substantially the same. In the case at bar and in the adjudicated cases, or in some of them, at least, the parties served with process solicited advertisements for their respective newspapers, entered into contracts therefor at schedule rates, received pay for such advertisements, and transmitted the same for publication to their respective newspapers, and had offices upon the door or windows of which the name of their paper appeared. It is true, the party served with process in the cases at bar received as compensation for his services a fixed salary, while in the adjudicated cases, or in most of them, the party served received a commission. This is not a substantial, nor an important, difference. Compensation of the individual, whether by salary or commission, can have but little, if anything, to do in determining whether the party so served was an agent of the defendant in this state, or not. It is sometimes difficult to determine what acts constitute "carrying on business," within the meaning of the authorities. The defendant was a foreign corporation, having no officers in this state. The per-

son served was its representative in securing business—advertisements —for its newspaper, and there can be no doubt but that the defendant held Brooke out to the world, in this capacity and to this extent, as its agent in the city of New York. In Palmer v. Pennsylvania Co., 35 Hun, 369, the court at general term say:

"The Code does not specify the extent of the agency required to bind defendant by service of process. * * * Every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made. The statute is satisfied if he be managing agent to any extent."

And in Tuchband v. Railroad Co., 115 N. Y. 437, 22 N. E. 360, the court say:

"Where a corporation created by the laws of another state does business in this state, the person who, as its agent, does that business, should be considered its managing agent; and more especially should that be so where the foreign corporation has an office or place of business in this state, and when that office is in charge of that person, and he there acts for the corporation. He is there doing business for it, and so manages its business. Such person is, in every sense of the word used in the statute, 'a managing agent.'"

Moreover, it seems to me that the cases at bar fall directly within the purview of the cases of U. S. v. American Bell Telephone Co., 29 Fed. 17, and Palmer v. Evening Post Co., 70 Fed. 886. In both these cases the court say:

"When, however, such foreign corporation carries on some substantial part of its business in the state by means of an agent or representative appointed to act there, it impliedly assents to be found and sued there."

Brooke was employed by the defendant to obtain advertisements in New York for defendant's newspaper published in St. Louis, Mo. He was in charge of an office here, which carried on its door or window the name of defendant's newspaper. He did the business of the defendant in this line in this state, and was so far its agent and representative duly appointed and authorized by the defendant to act here. The statute does not require that the service shall be made upon the managing agent, but only upon a managing agent, of the defendant. Code Civ. Proc. N. Y. § 432, subd. 3, and Brayton v. Railroad Co., 72 Hun, 602, 25 N. Y. Supp. 264. He had authority to make conclusive contracts in regard to advertisements, and receive pay therefor. There can be no question that the soliciting of advertisements, and the making of conclusive contracts therefor, are substantial parts of the corporate business of the defendant; and it may therefore be fairly held that the defendant did business in this state, and had a representative here, and did thereby impliedly assent to be found and sued here in the person of such agent. The motion must, therefore, in both cases, be denied.