UNION ASSOCIATED PRESS v. TIMES–STAR CO. BREWER v. SAME. UNION ASSOCIATED PRESS v. OHIO STATE JOURNAL. BREWER v. SAME. SAME v. LOUISVILLE PRESS CO. UNION ASSOCIATED PRESS v. SAME. BREWER v. JOURNAL NEWSPAPER CO. UNION ASSOCIATED PRESS v. SAME. BREWER v. EVENING NEWS ASS'N. UNION ASSOCIATED PRESS v. SAME. BREWER v. COMMERCIAL TRIBUNE CO. UNION ASSOCIATED PRESS v. SAME. BREWER v. HERALD CO. UNION ASSOCIATED PRESS v. SAME. BREWER v. INTER–OCEAN PUB. CO. UNION ASSOCIATED PRESS v. SAME.

(Circuit Court, E. D. New York. January 13, 1898.)

SERVICE OF PROCESS—FOREIGN CORPORATIONS—RESIDENT AGENTS.

A salaried agent of a nonresident newspaper corporation, empowered to solicit advertisements, make contracts therefor, and receive payment, who carries on the business at an office having the name of the newspaper on its windows, is not "a managing agent," through whom the corporation may be served, under Code Civ. Proc. N. Y. § 432. Brewer v. Knapp, 82 Fed. 694, and Fontana v. Chronicle-Telegraph Co., 83 Fed. 824, reversed.

These were 14 actions at law for libel, brought by the Union Associated Press and by William S. Brewer, respectively, against the Times-Star Company and various other newspaper companies incorporated by states other than New York. The cases were heard on motions to set aside the service of summons.

Campbell & Hause, for plaintiffs.

Henry W. Taft, for some defendants.

Shaw, Baldwin & Stotesbury, for other defendants.

LACOMBE, Circuit Judge. The facts in all these cases are more or less similar to those rehearsed in Union Associated Press v. Times Printing Co. (Cir. Ct. S. D. N. Y., Oct. 1 and Oct. 29, 1897) 83 Fed. 822, and in Brewer v. Knapp, 82 Fed. 694. Upon consideration of the questions presented, I am by no means so confident that my former decision in the Fontana Case, 83 Fed. 824, was correct, or that Judge Tenney and myself were right in holding that the several individuals served with process were "managing agents" of the defendants. I am, however, more than ever impressed with the importance of having this jurisdictional point decided in each case, before the time of the court is consumed in trying the merits of the controversy. Here we have (including the cases named in the caption and the others on the calendar) nearly 50 libel suits, all brought by the same parties against different newspapers, located in widely scattered states, with no suggestion that the libel was ever published or circulated here by defendants, or that they have ever done anything more in the way of business here than to solicit advertisements through some advertising agent, who in most cases acts as advertising agent for several other papers, and has no control over the rates to be charged or the space to be given. It is hardly to be supposed that congress intended the federal circuit courts to exercise such comprehensive and far-reaching jurisdiction, except when a case coming strictly within the language of the statute is made out. The proper disposition to make of this entire group of cases would seem to be to grant these motions. By

reviewing such decision in some test case, the plaintiff may have the jurisdictional question settled, and neither side be exposed to the unnecessary burden of trying the case on the merits, with the chance of the appellate court setting aside the judgment for lack of jurisdiction. The question presented is one of grave importance. Probably there are but few newspapers in the United States which do not publish advertisements originating in this city, or which do not solicit such advertisements here. If this and the adjoining (Southern) district are, for that reason, to be considered the proper forum for suits against the owners of such papers, wherever they may reside and conduct their business of publishing and circulating such papers, it seems probable that our calendars may be seriously overburdened. Motions are all granted