(27 Misc. Rep. 718.)

### BEHAN v. PHELPS.

#### (Lewis County Court. June, 1899.)

1. CORPORATIONS—CERTIFICATE OF SERVICE.
    Where a man is introduced by a director of a corporation as the superintendent of the corporate business, and is given charge thereof, without any apparent limitation of authority, service of summons on him is valid service on the corporation, under Code Civ. Proc. § 431, subd. 3, permitting service on a corporation by service on its managing agent.

2. SAME—SERVICE OF PROCESS ON AGENT.
    A certificate of service of summons on a corporation, which does not show the manner of service, so that it appears that personal service was made on the proper agent, is defective, and gives no jurisdiction.

3. SAME—WAIVER OF DEFECTS.
    In an action against a corporation in a justice's court, defective service of summons on the agent of the corporation is cured by the agent's appearance, and the court acquires jurisdiction.

Appeal from justice court.

Action by John Behan against James A. Phelps, as receiver of the Metropolitan Marble Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

C. L. Griffin and C. D. Adams, for appellant.

F. H. Peck and C. S. Mereness, for respondent.

TURNER, J. The first question to be considered is the one touching the relation of Sullivan to the Metropolitan Marble Company, so far as it affected respondent or other third parties. If he was the managing agent, within the meaning of the statute, when the summons herein was served, that service was proper and sufficient. Code Civ. Proc. § 2879; Id. § 431, subd. 3. After careful study and consideration of the affidavits and the oral testimony bearing on this question, I am led to the conclusion that, at the time the summons was issued and served, Sullivan was, within the plain and obvious intendment of the statute, such a "managing agent" of said company that service of the summons upon the defendant therein named, by personal service upon him, was valid and sufficient.

Palmer v. Pennsylvania Co., 35 Hun, 369, affirmed 99 N. Y. 679; Barrett v. Telegraph Co., 56 Hun, 430, 10 N. Y. Supp. 138, affirmed 138 N. Y. 491, 34 N. E. 289; Brayton v. Railroad Co., 72 Hun, 602, 25 N. Y. Supp. 264; Ives v. Insurance Co., 78 Hun 32, 28 N. Y. Supp. 1030.

The affidavits read in behalf of respondent tend to show that Phelps, the treasurer, and a director of the company, introduced Sullivan, in the summer of 1895, to several persons at Watertown and Harrisville, as the superintendent or person having charge of the affairs of the company in those localities; and unless these persons and the public had knowledge of the actual limitations of Sullivan's authority in the premises (if any), and dealt with the company, through him, upon the assumption of the truth of Phelps' statement, it is in no position to deny the averment that it made Sullivan its agent. Munn v. Commission Co., 15 Johns. 44; Milburn v. Belloni, 34 Barb. 607; Johnson v. Jones, 4 Barb. 369; Dunning v. Roberts, 35 Barb. 463. In other words, the respondent and other third persons in that locality, dealing with the company upon the strength of Sullivan's position, and having no knowledge of the limitation or revocation of his authority, had the right to assume that his connection with the company was as represented and stated by Phelps; and in the absence of any evidence tending to show such knowledge on respondent's part, or, any collusion between him and Sullivan, it must be held that the service upon the superintendent or agent was a compliance with the statute, and was a sufficient service upon the defendant therein named.

The constable's certificate of service of the summons herein was defective and insufficient, in that it did not state that Sullivan was the superintendent or managing agent of the Metropolitan Marble Company, or words tantamount to that; and why the justice did not require him to amend it in a proper manner is a question I cannot answer. Moulding Co. v. Squires (Co. Ct.) 13 N. Y. Supp. 547. It was stipulated by counsel, on the hearing and argument of this appeal, that the result should be decisive of 16 other cases now at bar, involving (as stated by counsel) the same questions as are embraced in this; but I find, upon examination of the several returns, that some of the summons were issued, appearances had, issue joined, offers made, and judgment rendered on the 3d of June, 1896, instead of on the 2d of June, and that the constable's certificates of service of summons in 7 of the actions are sufficient to render them valid. Such certificates must state in what manner the officer served the summons on the company, so that it shall appear that it was served on the defendant by personal service upon its proper agent; otherwise, the justice would have no jurisdiction until the certificate was properly amended, or the defect cured by the appearance and implied waiver by the defendant. The certificate of service of the constable upon the summons in this action is defective, and gave the magistrate no jurisdiction, unless defendant duly appeared, and thereby waived the defect by his silence. The return states as follows:

"June 2nd, 1896. Summons issued in favor of the above-named Plff., and against the above-named Deft., returnable June 9th, 1896, at 9 o'clock a. m. * * * June 2nd, 1896, summons returned personally served on John J. Sullivan, Supt. of the Metropolitan Marble Co., at Diana, by Myron Wicks, constable. * * * June 2nd, 1896, 8 p. m. plaintiff appeared in person. Deft. appeared by John J. Sullivan, superintendent of the Metropolitan Marble Co., who swore to his authority to appear for Deft."

There is no evidence tending to show that the appearance of the respondent and said Sullivan before the magistrate at that time was the result of any collusion, connivance, or purpose on their part to defraud or prejudice the marble company or its equities. In fact, all these claims, sued on and put into judgment on that and the following day, were for work, labor, and services, or supplies furnished, and are for comparatively small sums, and appear meritorious; nor has the appellant, on this hearing, questioned their justness or the fact of such indebtedness.

In the consideration of the question of the appearance by Sullivan in behalf of defendant at that time, it is proper to cite the provisions of the Code of Civil Procedure in relation to commencement of actions in justice's court. Section 2876 is as follows:

"An action is commenced before a justice of the peace, either by the voluntary appearance and joinder of issue by the parties, or by the service of a summons."

Section 2886:

"A party to an action before a justice of the peace, who is of full age, may appear and prosecute or defend the same, in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs."

Section 2890:

"The attorney's authority may be conferred orally or in writing; but the justice shall not suffer a person to appear as an attorney, unless his authority is admitted by the adverse party, or proved by the affidavit or oral testimony of himself, or another."

The foregoing sections should be read and construed together. A justice of the peace acquires jurisdiction by the appearance of a defendant, although none was obtained by service of process. Clapp v. Graves, 26 N. Y. 418. There are no attorneys at law in justice's court, but all attorneys who appear are attorneys in fact. Peck v. Hayes (Co. Ct.) 3 N. Y. Supp. 836. The appearance of the parties before him on the 2d of June, 1896, after the service of the summons, and when Sullivan had sworn to his authority to appear for the defendant, gave the justice jurisdiction. Sperry v. Reynolds, 65 N. Y. 179; Beardsley v. Pope, 88 Hun, 560, 34 N. Y. Supp. 846; Molding Co. v. Squires, 61 Hun, 48, 15 N. Y. Supp. 321. This appearance cured defects in summons or service. Sprague v. Irwin, 27 How. Prac. 51.

A justice who has jurisdiction of the subject-matter has authority to render judgment on appearance of the parties in anticipation of the return day of the summons. Fowler v. Haynes, 91 N. Y. 346. The appearance of respondent and Sullivan cannot be deemed a vol-

untary one without process, for the process had been previously issued, served, and returned; and, while the constable's certificate of service was insufficient, its omissions were cured by the appearance of defendant. A corporation, like a natural person, may appear voluntarily by attorney in a court of record, and such appearance gives jurisdiction to the same extent as if there was actual service of process. Attorney General v. Insurance Co., 77 N. Y. 272. I know no reason why this rule is not applicable to justices' courts.

My conclusions are that the justice acquired jurisdiction in this action by the appearance of the superintendent or agent of the Metropolitan Marble Company, upon whom the summons had been served, and that, having sworn to his authority to so appear, the justice was authorized to entertain the subsequent proceedings, and to render the judgment he did. If that agent in truth had no such authority, the party aggrieved has ample remedy at common law, and the validity of the judgment might have been questioned by action in the supreme court. It seems to me that upon the facts in this case, and the conclusions thereon, I must hold that the appeal should be dismissed, as not having been brought within the time specified in section 3046 of the Code of Civil Procedure. An order dismissing this appeal, with $10 costs of motion, may be entered accordingly.

Appeal dismissed, with $10 costs.