# RICHARD M. IHLAN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

## June 15, 1917.

## Nos. 20,315—(137).

**Process — service of summons on ticket agent — railway receivership.**

> Defendant, a foreign railway corporation owning and operating lines of railroad in this state, went into the hands of receivers. The court, in the order of receivership, directed the receivers to take possession of defendant's property and operate the railroad system as theretofore operated, and also authorized them to prosecute and defend actions in the name of and for defendant, if, in their judgment, such actions might affect the property of defendant. The ticket and freight agents of defendant, who were such when the receivers were appointed, were retained. *Held,* the service of the summons herein upon a ticket and freight agent so retained was valid.

[1]Reported in 163 N. W. 283.

Action in the district court for Rock county to recover $10,000 for injuries sustained while employed by defendant as locomotive fireman. Defendant appeared specially and moved to set aside the service of the summons. The motion was denied by Brill, J. From an order denying that motion, defendant appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*Samuel A. Anderson,* for respondent.

HOLT, J.

The appeal is from an order denying defendant's motion to set aside the service of the summons. In December, 1914, defendant, a corporation organized under the laws of the state of Illinois, owned and operated a line of railway from Watertown, South Dakota, to Ellsworth in this state. Plaintiff, one of defendant's employees, claiming to have received an injury through defendant's negligence while engaged in transporting an interstate freight train in said month between the points mentioned, brought this action on November 28, 1916, by serving the summons on the ticket and freight agent at Luverne, a station on defendant's line of railway in this state. It appears that on April 20, 1915, the Federal court placed defendant in the hands of receivers, and when the summons was served Jacob M. Dickenson of Chicago, Illinois, was the sole receiver in possession of all the property of the defendant and operating its lines of railway in the same manner as defendant itself had done previous to the receivership. When the change was made the ticket and freight agent at Luverne, together with the other employees of defendant, were notified to continue their services.

Section 7736, G. S. 1913, provides for the effective service of summons upon railway companies in this manner: "In any action or proceeding against a railway company, whether domestic or foreign, including proceedings under the right of eminent domain, service of the summons and of all notices required to be served therein, may be made by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action or proceeding is begun."

An examination of the order placing the property and business of defendant in the hands of receivers discloses that the purpose is not to dissolve the corporation, for the lines of its railway are to be operated

as before. It was therefore anticipated that the receivership may be but a temporary expedient. The receivers are also to act in a dual capacity, so to speak, for the order, while providing for carrying on the transportation business during the receivership period, also authorizes them to institute and prosecute suits in their name, or in the name of the railway company for the protection of the property of the company, "and to appear in and conduct the prosecution or defense of or compromise or settle any actions, proceedings or suits now pending or which may hereafter be brought in any court or before any officer, department, commission or tribunal, to which the railway company is or shall be a party, which in the judgment of said receivers affect or may affect property of which they are hereby appointed receivers, but no payments shall be made by said receivers in respect of any such suits, actions or proceedings, other than suits relating to wages of employees, personal injuries or damages to property in transit or damages caused by fire in the operation of the railroads, without the further order or direction of this court; and no action taken by the receivers in the defense or settlement of any such actions or suits against the railway company shall have the effect of establishing any claim upon or right in the property or funds in the possession of the receivers so as to alter or change any existing equities or legal rights of the parties." If the receivers thus act in a dual capacity, that is, as receivers from the time they qualified and also in defending and prosecuting for and in the name of the corporation all causes of actions, actions, or proceedings existing prior to their appointment which may affect its property, it would seem to follow that the ticket and freight agents, whom the receivers retained at the stations of the railway lines, represent both receivers and corporation for the purpose of the statute providing for the service of summons on railway companies. The interests of defendant and its receivers are not antagonistic, but common insofar as relates to protecting the property of defendant against being finally subjected to payment of claims arising out of the operation of the railway, whether before or after the receivership. It does not appeal to us as right or just that, when a foreign railroad corporation which has operated its road through the state, and incurred liabilities to our citizens, goes into the hands of a receiver, they should be compelled to go to the state where the general officers of

the corporation may be found to enforce their claims by suit. The property still belongs to the corporation and remains in the state; the receivers continue to conduct the business in the same manner as previously conducted by the corporation and, in a sense, in its interest; and so do the agents and servants employed in the business. Service of the summons on a ticket or freight agent at the station of such railway line, so operated by receivers, will undoubtedly reach the corporation or the receivers whom the court authorized to defend for the corporation. The facts herein, so far as concerns the order appointing the receivers and the position of the ticket agent upon whom the service was made, appear to be identical with Ennest v. Pere Marquette R. Co. 176 Mich. 398, 403, 142 N. W. 567, 47 L.R.A.(N.S.) 179, Ann. Cas. 1915B, 594, where the court held the service valid. The only difference seems to be that in that case the notice given the ticket agent by the receivers was: "Until further orders all agents and employees of the company connected with the business will perform the duties heretofore performed by them and make reports and remittances as heretofore," while here it is directed to "all officers, agents and employees of the C. R. I. & P. Ry. Co." and reads: "Until further notice you and your staff will perform your usual duties as employees of receivers." This variance in the facts of the two cases is not material, in our opinion. The courts of Tennessee and New York took the same view of the question as in the case cited. Simpson v. Railway Co. 89 Tenn. 304, 15 S. W. 735; Faltiska v. New York L. E. & W. Co. 12 Misc. 478, 33 N. Y. Supp. 679, affirmed in Id. 151 N. Y. 650, 46 N. E. 1146. To the same purpose are the cases of Louisville, N. A. & C. R. Co. v. Cauble, 46 Ind. 277, and Grady v. Richmond & D. R. Co. 116 N. C. 952, 21 S. E. 304. The same appears the holding in some of the Federal courts. In State v. Port Royal & A. Ry. Co. (C. C.) 84 Fed. 67, 68, the court says: "When an insolvent corporation is put into the hands of a receiver, this only effects a change in the management of the property. The receiver is substituted for those who theretofore had governed the corporation, but the title is not changed. Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013, 34 L. ed. 341. Nor is the existence of the corporation destroyed: Bank of Bethel v. Pahquioque Bank, 14 Wall. [383] 398 [20 L. ed. 840]. So the suit will lie against the corporation. But, inasmuch as

the receiver was put in charge of and administered all the affairs of the corporation, service of process was properly made upon him through his agent. Davis v. Gray, 16 Wall. [203] at page 217 [21 L. ed. 447]." Appellant cites In re Seaboard Air Line Ry. (C. C.) 166 Fed. 376, 378, but we think the inference to be drawn from that decision is in favor of the validity of the service here. There a petition was presented asking leave to sue the receivers of the railway on account of a death by wrongful act of the railroad occurring prior to the receivership. The court said: "The petitioner has no claim against the receivers of the Seaboard Air Line. If he had one growing out of their operation of the railroad property, no leave to sue in any court of competent jurisdiction would be necessary. The petitioner's claim is one against the Seabord Air Line Railway and he may sue said company in any court of competent jurisdiction. If such suit is brought, and service of process shall be made upon any local agent of the receivers, the receivers will appear and defend for the railway company." The last sentence suggests the procedure pursued in the case at bar.

The courts of Georgia, Missouri and Ohio hold to the contrary, namely, that jurisdiction cannot be obtained of a foreign railway corporation by service of summons upon the ticket agent acting for the receivers of the corporation. Cherry v. North & S. R. Co. 59 Ga. 446; Collins v. Baltimore & O. R. Co. 7 Ohio Nisi Prius Rep. 270; and Heath v. Missouri, K. & T. Ry Co. 83 Mo. 617. We prefer the rule announced in the decisions first herein referred to.

Order affirmed.